### CONNOLLY *v.* PARDON AND OTHERS.

Where a testator made a bequest to a person by a wrong Christian name, parol evidence was admitted to show what person was intended.

THIS was a bill for a distributive share of the estate of the late Bishop Connolly. The testator made his will, on the 4th of February, 1825, and after several specific legacies, he bequeathed the residue as follows: "Thirdly, I bequeath to my brother Cormac Connolly, and to my two sisters, Mary and Ann, whatever remains of my money, after the above bequests, to be divided between them share and share alike; and in case of the demise of either of them, to go share and share alike to the survivor or survivors." On the following day, he made a codicil to the will, and thereby, among other things, bequeathed as follows: "To my nephew Cormac Connolly, the son of my brother Cormac Connolly, the sum of five hundred dollars for his ecclesiastical education, which sum is to be taken from what I have bequeathed to my brother Cormac, and to my sisters Mary and Ann." The testator never had a brother named Cormac, but he had a nephew Cormac, son of his brother James the complainant, who, at the time of making the will, was pursuing classical studies in Ireland, with a

view to an ecclesiastical education; and he was the only nephew of that name. The only brother or sisters of the testator who survived him or left any issue, were the com-plainant and the two sisters named in the will, unless ano-ther brother named Henry, who left the family residence in Ireland unmarried thirty years since, and who had not been heard of by the family for many years, was then liv-ing. This was an amicable suit, for the purpose of settling the complainant's rights under the will, and to protect the executors; to which suit Henry Connolly was made a nominal defendant, and the bill was taken *pro *confesso* against him on a nine months' notice, published agreeable to the statute.

*C. O'Conner*, for complainant.

*H. A. Fay*, for the executors.

THE CHANCELLOR :—From the testimony in this cause, there can be no doubt of the mistake in the will, and that the complainant was intended as the residuary legatee, who is described by the testator in the will as his brother Cor-mac. He could not have intended it for his brother Hen-ry, because it is in evidence that the testator said he had made inquiries for him in this country, but could hear nothing of him, and supposed him to be dead. The refer-ence to this devise in the codicil, and the description of his nephew as the son of his brother Cormac, shows conclu-sively that the complainant was the legatee intended. The cases are very contradictory on the subject of admitting parol evidence to correct mistakes in testamentary disposi-tions, but this steers clear of the decisions in those cases where the admission of parol evidence has been most restrict-ed. If a legacy was given by a testator to his brother John, and it turned out in evidence that he had but one brother, whose name was James, there could be no doubt that the latter would be entitled, because the description of

brother in that case would alone be sufficient, and the name might be rejected as surplusage.[1]   In this case the legal presumption is, that Henry was dead, and that James was the only brother; and that the testator, in fact, believed so at the time he made his will.   Again the codicil shows that the father of his nephew, Cormac, was the brother whom the testator intended as the object of his bounty.   In *Thomas* v. *Stevens*, (4 John. Ch. Rep. 607,)[2] the late Chancellor Kent went much farther, and permitted a person not named or described at all in the will, to take a legacy, upon evidence that she was the person intended, there being no person of the name mentioned in the will.

The complainant is entitled to one-third of the residuum of the estate of the testator; but the executors were justified in submitting this question to the court, and must, therefore, be allowed to retain their costs out of the same.

[1] See *Smith* v. *Smith*, 1 Edw. Ch. 189; S. C., 4 Paige, 271; *Tudor* v. *Tirrell*, 2 Dana, 47.

[2] The case of *Beaumont* v. *Fell*, 2 P. W. 425, was recognized in this case as authority; and in *Tudor* v. *Tirrell*, 2 Dana, 47; but the authority of it is doubted in note 275, pp. 552, 559 of Cowen & Hill's notes to Phil. Ev.   And seems at variance with the decision in *Miller* v. *Travers*, 8 Bing..244.