Butler *v.* Cunningham.

---

SAME TERM.   *Before the same Justice.*

BUTLER *vs.* CUNNINGHAM and others.

Nature and office of an original bill.

What is a supplemental bill.

An original bill in the nature of a supplemental bill embraces, in some degree, the qualities of both an original bill and a supplemental bill.

The foundation of a bill of that description is an event occurring after the commencement of a suit in a court of equity, which event is of such a nature that the suit cannot be continued, as to all the parties, by a mere supplemental bill; and therefore, in regard to those parties, it partakes of the character of an original bill.

If the event determines the interest of one of several defendants, and his interest becomes vested in another, by title not derived from the former, the present owner of the interest must be brought in by an original bill in the nature of a supplemental bill.

So also, in case one of several plaintiffs is deprived of his interest in the suit, the defect may be supplied by such a bill; which is an original bill as to the new parties and new interests, but supplemental as to the old parties and the old interests.

And if a sole plaintiff assigns his whole interest, or is deprived of it, subsequent to

Butler *v.* Cunningham.

the commencement of the suit, as in case of bankruptcy, the plaintiff being no longer able to proceed, for want of interest, his assignees can only obtain the benefit of the proceedings by a bill of this kind.

But a person whose claim is not founded upon an event happening since the filing of the original bill, but upon an assignment made to him by the plaintiff, prior thereto, has no right to file an original bill in the nature of a supplemental bill.

IN EQUITY. In October, 1837, Stephen Germond Mott filed a bill in chancery against Walter Cunningham, to obtain the specific performance of a contract to exchange lands, made in April, 1837, and to be performed on or before the first day of May, 1837. Cunningham put in his answer in February, 1838, and in December, 1840, a decree was made by the assistant vice chancellor, directing a reference to a master to ascertain the title of the complainant, &c. · On the 20th of May, 1841, the master made his report, which was confirmed in October, 1841. In October, 1842, Mott filed a supplemental bill against Cunningham and wife and Alexander Forbus ; it appearing from Cunningham's answer that he had conveyed the lands to Forbus. In January, 1843, Forbus filed an answer to the supplemental bill. On the 11th July, 1843, a motion was made by the complainant to refer the cause to the assistant vice chancellor ; which was denied by the chancellor, on the ground that it appeared that Mott had been declared a ·bankrupt, and his assignee was not a party to the suit. Subsequently Ammi T. Butler, the present plaintiff, filed his bill in this cause, setting forth the above facts, and stating that on the 4th of May, 1837, Mott assigned all his estate to him in trust for the payment of his debts. This bill further states that Mott has been discharged under the bankrupt act ; and that the plaintiff " is advised that the proceedings upon the said original bill and the said supplemental bill have been in such form, and your orator's title has been acquired in such a mode, that your orator can only have relief in the premises by filing this your orator's *original bill in the nature of a supplemental bill,* and by means thereof praying for and claiming the benefit of said previous proceedings, and said original and supplemental bill and decree thereon."

The bill requires an answer to all the matters and things

"hereinbefore stated and charged," and to all the matters and things "herein mentioned to have been stated and set forth in said original and supplemental bill, and that your orator may have the full benefit of the proceedings had under the said original and supplemental bill, and of the said decree," &c. ; and prays that the defendants may be required to convey, &c. and to pay the costs of this suit "and of the previous proceedings had upon the said original and supplemental bill."

The defendants demurred to the bill.

*D. Marvin,* for the plaintiff.

*C. J. Ruggles & L. Maison,* for the defendants.

BARCULO, J. The case turns upon a question of pleading. It is contended on the part of the plaintiff that the bill presents a proper case for "an original bill in the nature of a supplemental bill." This the defendants deny. It is for the court to resolve the question. What then is the proper office of an original bill in the nature of a supplemental bill ?

An original bill is defined to be one which relates to some matter not before litigated in the court, by the same persons, and standing in the same interests. (*Story's Eq. Pl.* § 16. *Mitf. Eq. Pl.* 61.   1 *Barb. Ch. Pr.* 34.)

A supplemental bill, properly so called, is a bill filed for the purpose of supplying a defect, which has arisen in the progress of the suit, by the happening of some event subsequent to the filing of the original bill; and is in continuation of the original suit. (*Lube's Eq. Pl.* 136.   1 *Paige,* 291.   *Story's Eq. Pl.* § 332.)

An original bill in the nature of a supplemental bill embraces, in some degree, the qualities of both an original bill and a supplemental bill. The *foundation* of a bill of this description is an event occurring after the commencement of a suit in a court of equity, which event is of such a nature that the suit cannot be continued, as to all the parties, by a mere supplemental bill; and therefore in regard to those parties, it partakes of the char-

Butler *v.* Cunningham.

acter of an original bill. If the event determines the interest of one of several defendants, and his interest becomes vested in another, by title not derived from the former—as in the case of the determination of an estate for life, and the vesting of a subsequent remainder—the remainderman must be brought in by an original bill in the nature of a supplemental bill; for, as to him it is an original bill, but, as to the other defendants, it is supplemental. So also, in case one of several plaintiffs is deprived of his interest in the suit, the defect may be supplied by such a bill, which is an original bill, as to the new parties and new interests, but supplemental as to the old parties and old interests. And if a sole plaintiff assigns his whole interest, or is deprived of it, subsequent to the commencement of the suit; as in case of bankruptcy, the plaintiff being no longer able to proceed for want of interest, his assignees can only obtain the benefit of the proceedings by a bill of this kind.

But in the case under consideration the plaintiff's claim is not founded upon an event happening since the filing of the original bill. He claims by virtue of the assignment made to him on the 4th of May, 1837, several months before the commencement of the original suit by Mott. He does not claim to be the assignee in bankruptcy; nor that that assignment gave him any rights or interests. He sets forth the bankruptcy of Mott merely as a reason why Mott cannot further proceed in the cause. This is undoubtedly a good reason for arresting Mott's proceedings; but is by no means a reason for authorizing the present plaintiff to come in and continue those proceedings, under a title obtained prior to the commencement of the original cause. There is nothing found in the books to justify such a practice; nor is there any sound principle of equity pleading which will permit it.

The demurrer must therefore be allowed, and the bill be dismissed with costs; without prejudice to the plaintiff's right to file an original bill.