NEW-YORK PRACTICE REPORTS.           **237**

Roosa agt. The Saugerties and Woodstock Turnpike Road Company.

## SUPREME COURT.

### Roosa agt. The Saugerties and Woodstock Turnpike Road Company.

A *demurrer* to an answer which does not contain new matter constituting a counter claim, is a *nullity;* and may be treated as such by the defendant. (*See the next preceding case of Simpson agt. Loft.*)

A *motion* to strike out irrelevant or redundant matter, or to correct a pleading, must be noticed " before demurring or answering the pleading, and within twenty days from the service thereof." (*Rule* 40.)

*Albany Special Term, February,* 1853. *Motion to strike out irrelevant matter.* The defendants, on the 5th of July 1842, in pursuance of leave obtained for that purpose, served an amended answer, to which the plaintiff, within twenty days, demurred, for insufficiency. The demurrer having been argued, judgment was rendered thereon, on the 28th of January, for the defendants, with costs. The plaintiff now moved to strike out, as irrelevant, part of the answer to which he had demurred, and also that the defendants be required to make other portions of the answer more specific, definite and certain.

> E. Cooke, *for Plaintiff.*

> H. Hogeboom, *for Defendants.*

Harris, Justice.—The demurrer to the answer was undoubtedly a nullity. Under the Code, as amended in 1852, there can be no demurrer to an answer, unless it contain matter constituting a counter claim. An issue of law could no more be made upon such a demurrer, than upon a rejoinder or surrejoinder, neither of which has a place in the system. It was void, and so, I think, is the judgment that has been rendered upon it. This proceeding, therefore, furnishes no valid objection to this motion.

But, while the plaintiff's attorneys were engaged with their demurrer, they allowed the time limited for giving notice of a motion like this, to elapse, and now they come too late. The 40th rule of this court requires, that such a motion shall be

noticed "before demurring or answering the pleading, *and within twenty days from the service thereof.*"

The motion, in such cases, is founded upon the pleadings. It is not necessary that the party making the motion should show by affidavit, that he has given the notice within the time prescribed, any more than when a party brings an issue to trial, he is bound to show that his pleading has been served within the time allowed for that purpose. The decision, in this respect, in Rogers agt. Rathbone, (6 *Howard,* 66,) has not, I think, been generally followed. The better practice, as I understand it, is that which prevailed in Barber agt. Bennett, (4 *Sandf. S. C. R.* 705,) where it was held that, if notice of the motion has not been given within the twenty days allowed by the rule, it should be shown as matter of defence.

Here, it appears, from the affidavit of the defendants' attorney, that the answer had been served about *seven months* before he was served with notice of this motion. Upon this ground alone the motion must be denied. From a slight examination of the answer I am inclined to think the result would have been the same, had I felt at liberty to decide the motion upon the merits. I think too, the defendants are entitled to the costs of the motion.