## SUPREME COURT.

THE NEW YORK ICE Co. agt. THE NORTHWESTERN INS. Co.

Where the plaintiffs, by permission, under an order of the court, (which was appealed from by defendants) commenced an action at law by the service of a new complaint, and by the same permission commenced a new action by the service of a summons and complaint, accompanied with a written notice, stating that the new action was commenced as a precautionary measure to prevent defendants from setting up as a defence that no action had been commenced within twelve months after the loss, (on a policy of insurance) and further stating that the complaint served with the notice, and the complaint previously served, were identically the same, and for the same claim or cause of action, and that the summons served with the notice was for the same cause of action as the summons in the action which had been tried,

*Held,* that the defendants notice of motion to strike out parts of the complaint as irrelevant, should have been served *within twenty days* after service of the complaint. Their excuse, that the written notice annexed to the complaint had misled them, by inducing a belief that the action was to remain in *statu quo* until after the decision of the appeal from the order, was not available to bring them within the provisions of Rule 50.

*New York Special Term, February,* 1861:

BARNARD, Justice. This is a motion to strike out parts of the complaint as irrelevant and unnecessary.

The preliminary objection that the notice of motion was not served within twenty days after service of the complaint, is made. Defendants say they have been misled by the plaintiffs, and that, therefore, the case does not come within the provisions of Rule 50.

To understand this claim of defendants, a *resumé* of the proceedings had in this and another cause will be necessary.

The plaintiffs commenced an action, by the complaint in which they prayed to recover, on a policy of insurance issued by defendants, for a loss alleged to have been insured against; and if it should be found necessary to reform the policy, in order to enable them to recover thereon, then that the policy should be reformed. This action was brought to trial as an equity cause at a special term, before Justice INGRAHAM, who, after hearing the evidence

adduced on both sides on the question of reformation, held that the plaintiffs had not shown themselves entitled to that relief, and dismissed the complaint, making on the 23d of December, 1859, the following order : " It is ordered and adjudged that plaintiffs are not entitled to the relief prayed in this complaint, to have the policy reformed; and that said complaint be and is hereby dismissed, without prejudice, however, to said plaintiffs' right to bring an action at law upon the policy of insurance set out in the complaint.  It is further ordered that the said dismissal be without costs to either party."  Afterwards, on the 5th July, 1860, Judge INGRAHAM, on application of plaintiffs, made an order amending the above order by inserting therein, after the words " set out in the complaint," the words " or the plaintiffs may serve a new complaint at law in this action on payment by plaintiffs to defendants of all interlocutory costs since the filing of the complaint, and costs of this motion, ten dollars."

From the order of July 5th the defendants appealed to the general term.

Pending this appeal, plaintiffs, on the 17th of July, 1860, pursuant to the order of July 5, 1860, served defendants with a new complaint at law in the action which had been tried and decided by Judge INGRAHAM; and on the 21st of July, plaintiffs, pursuant to the order of December 23, 1859, commenced this action by the service of a summons and complaint, accompanied with a written notice, stating that the new action was commenced as a precautionary measure to prevent defendants from setting up as a defence that no action had been commenced within twelve months after the loss, and further stating that. the complaint served with the notice, and the complaint served on July 17, 1860, were identically the same and for the same claim or cause of action, and that the summons served with the notice was for the same cause of action as the summons in the action which had been tried.

The defendants' counsel, on the argument, claimed that the written notice had misled the defendants' attorneys, and had induced in their minds a belief that this action, from and after the service of the summons and complaint and accompanying written notice, was to remain in *statu quo* until after the decision of the appeal from the order of July 5, 1860, when, if the order so appealed from should be reversed, this action should be proceeded with. The question would naturally present itself what was to become of this action, in case the order of July 5, 1860, was affirmed. The defendants' counsel has not told us what belief on this point was induced in the minds of defendants' attorneys by the notice. The notice states nothing specifically, in respect to the plaintiffs' intention to prosecute or not to prosecute defendants in the event of the decision of the appeal. Would the defendants' attorneys, on the affirmance of the order of July 5, 1860, have considered this action as being *ipso facto* out of court, or as having been never commenced?

It is not contended that the notice had the effect of rendering the service of the summons and complaint nugatory, so that no action was thereby commenced; but simply that the notice induced a belief that no proceedings were to be had in this action, except upon the happening of a certain contingency. The notice did not legitimately have any such effect. It did not deprive or in any way limit defendants as to any defence they might have to the action, or to any proceeding they might see fit to take in relation thereto. It only apprised them of the object of the action, leaving it to them to enter into a stipulation with plaintiffs respecting the prosecution or non-prosecution of the action, or to apply to the court, if they saw fit, for an order extending the time to answer or demur, or make such motion in relation to the complaint as they should see proper till after the decision of the appeal. The defendants did neither. The utmost that they did was to obtain from plaintiff's attorney oral extensions of time to answer.

But if there is any doubt as to whether this notice legitimately tended to mislead defendants, the affidavits read by the plaintiffs on this motion show that defendants' attorneys were not in fact misled. Those affidavits show that long before the decision of the appeal, to wit, in September, October and November, 1860, (the appeal was decided December 13, 1860,) plaintiffs' attorney and his clerk frequently requested one of defendants' attorneys to send in their answer to the complaint, which said defendants' attorney as often promised to do, and that particularly said defendants' attorney, in answer to one of plaintiffs' attorneys' application for an answer, wrote the following note to plaintiffs' attorneys:

*"October* 3.

"Dear sir: Your answer must be put in, and shall be shortly. Do be patient till we enter judgment in-the omnibus suit, if it is ever done. T. T. P."

There is no affidavit contradicting the allegations in plaintiffs' affidavit. Their requests and promises are totally inconsistent with the idea that the defendants' attorneys were under the impression that there was to be no answer put in and no proceeding had in this action till after the decision of the appeal.

There is, consequently, nothing to take the case out of the operation of Rule 50, and the preliminary objection is well taken.

Motion denied with costs.