## NEW YORK SUPERIOR COURT.

### FREDERICK F. BETTS agt. JOHN H. BACHE.

In an action to recover *money lost by betting and gaming, the form of complaint* prescribed by the Revised Statutes (in assumpsit or debt) is such a plain statement of the facts constituting a cause of action, as not to be under the Code objectionable for not containing facts sufficient to constitute such cause; and if indefiniteness prevails, it is to be amended by motion, *not on demurrer.*

*New York Special Term, June,* 1862.

THIS is an action to recover money lost by betting and gaming. The complaint alleges that about the first of October, 1861, the defendant received a certain sum of money belonging to or on account of the plaintiff, and which is now due him, " contrary to the provisions of the statute against betting and gaming." To this a demurrer is put in, assigning as grounds therefor that it does not state facts sufficient to constitute a cause of action.

D. M. PORTER, *for plaintiff.*
G. C. BARRETT, *for defendant.*

ROBERTSON, Justice. The Revised Statutes provide (3 *R. S., 5th ed.,* 633, § 2) that " if an action of *assumpsit* be brought for money received contrary to the provisions of any statute, it shall be sufficient * * to allege * * that the same was received contrary to the provisions of such statute, referring to the same, as prescribed in the

last section." In that section (§ 1) it is provided that " if an action of debt" be brought for money, goods, or other things so received, it shall be sufficient " to allege that the defendant, &c. was indebted" in such sum or the value of such goods, " whereby an action has accrued to the plaintiff according to the provisions of such statute, naming the subject thereof in the following form, to wit; ' according to the provisions of the statute against betting and gaming,' or in some other general terms referring to such statute." By section 140 of the Code, all forms of pleading theretofore existing were abolished, and thereafter forms of pleading, and the rules to determine the sufficiency of pleadings, were required to be such as were prescribed by that act. This is contained in the second part of the Code. By the 471st section of the Code it was declared that such part should " not affect existing statutory provisions relating to actions not inconsistent with that act, and in substance applicable to the actions thereby provided." The 142d section of the Code provides that the complaint shall contain " a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."

In the case of *Morehouse* agt. *Crilley*, (8 *How. Pr. R.*, 431,) it was held that the form of complaint prescribed by the Revised Statutes, in case of an action for a penalty, was bad, because it was abolished by the 140th section of the Code. In the case of the *Bank of Genesee* agt. *Patchin Bank*, (3 *Kern.*, 314,) the court of appeals held that the provision of the Revised Statutes dispensing with proof of the existence of a corporation in a trial in an action brought, by one, (2 *R. S.*, 458, § 3,) was not repealed by the Code. In that case, DENIO, J., after referring to the 140th and 471st sections of the Code, and the object of the provision in question, says : " There are the same reasons of convenience for it now which existed under the former system, and it does not conflict with any particular provision of the Code, and therefore remains in force." In the case of *The*

*People* agt. *Bennett*, (5 *Abb.*, 384,) the supreme court held that in an action for a penalty, the 140th section of the Code had not repealed the provisions of the Revised Statutes respecting such actions, which are contained in chapter 8 of the third part of the Revised Statutes, because such chapter is expressly exempted from the effect of the Code by section 471; and that the decision in *Morehouse* agt. *Crilly* (*ubi supra*) was made in consequence of over-looking such express exemption. In several cases it has been held that the Code has not repealed the provisions respecting pleadings in actions against corporations. (*Bank of Waterville* agt. *Beltzer*, 13 *How.*, 272; *Johnson* agt. *Kemp*, 11 *id.*, 186; *Union Mut. Ins. Co.* agt. *Osgood*, 1 *Duer*, 707.)

The question in this case, therefore, is, whether the form of declaring, prescribed in the Revised Statutes, is not a plain and concise statement of the facts constituting the cause of action in this case, and this stands entirely aloof from the question whether it is sufficiently definite and certain; whether times, places, amounts, persons, contingencies and events are sufficiently described to notify the defendant of the identity of the transaction aimed at, is to be determined by a different mode of proceeding; that raises the question of degree in regard to the plainness of the statement, as a motion to strike out redundant matter does as to its conciseness; but the question under consideration is, whether a charge of a receipt of certain of the plaintiff's money contrary to the provisions of a particular statute specified therein, is not a statement of facts constituting a cause of action, and the statute allowing such a form is not in substance applicable to a provision requiring such a statement. The authors of the Code undoubtedly meant only to require parties in their pleadings to show generally that they had a good cause of action, unless the adverse party complained of not being sufficiently notified of the particular transaction; the remedy for the first defect being a demurrer, and the second a motion.

What constitutes the " facts" required by the Code to be stated in a pleading is still unsettled. It has been held both that facts may be stated according to their legal effect, (*Boyce* agt. *Brown*, 7 *Barb.*, 85; *Coggill* agt. *Am. Ex. Bank*, 1 *Coms.*, 117,) or as they exist (*Ives* agt. *Humphreys*, 1 *E. D. Smith*, 201.) It was held that a party should have pleaded payment where he pleaded facts from which the law presumed it, (*Pattison* agt. *Taylor*, 1 *Code R.*, *N. S.*, 174,) and a promise instead of the facts from which the law implied it, (*Hall* agt. *Southmayd*, 15 *Barb.*, 34, 35.) In *Cady* agt. *Allen*, (22 *Barb.*, 395,) it was held that there were certain allegations of law and fact mixed which left it to the pleader's option to state the facts or the conclusion as to the mode by which a judgment becomes a lien on real estate, or the ownership or title to property. It has been held not necessary to state a contract within the statute of frauds to be in writing. (*Livingston* agt. *Smith*, 14 *How.*, 492; *Hilliard* agt. *Austin*, 17 *Barb.*, 141.) A statement that a party was indebted on a balance of account stated and due, which he promised to pay, was held sufficient. (*Graham* agt. *Camman*, 13 *How.*, 360.) A party may still sue for use and occupation notwithstanding the existence of a sealed lease. (*Ten Eyck* agt. *Houghtaling*, 12 *How.*, 523.)

It would seem, therefore, that a charge of receiving the plaintiff's money contrary to the statute of betting and gaming, with the statement of any other circumstances necessary to make it definite and certain, such as time, amount and person, and the like, would be a sufficient statement of facts constituting the cause of action, without stating the particular contingency on which the money was staked, or other details, at least on an objection which only raises the question that nothing was stated from which the court could perceive there was a cause of action. I think, too, that the provision of the Revised Statutes allowing such a general form of declaring was, in substance, appli-

cable to the actions permitted by the Code; the circumstances of secrecy attendant upon illegality, and sometimes confusion accompanying the loss of money on real or pretended wagers, might often render it impossible for a party to describe minutely the particular mode or contingency on which a wager was lost; the law, therefore, in such cases, allowed such a general form of describing the occasion and mode of the fraud; and the same reason prevails with double force under a system which permits more accurate information to be called for when necessary.

I cannot, therefore, doubt that the form prescribed by the Revised Statutes is such a plain statement of the facts constituting a cause of action as not to be, under the Code, objectionable for not containing facts sufficient to constitute such cause; and that, if indefiniteness prevails, it is to be amended by motion, not on demurrer.

It is true, the provisions of the Revised Statutes preserve the distinction of forms of action in debt and assumpsit, but this, in fact, affects the substance, because debt is brought for penalties by the parties injured, or for money lost by an informer, while assumpsit was only maintainable by the party injured to recover back his own money; and this distinction is observed in the two prescribed forms; that in case of debt, requiring the plaintiff to state an indebtedness by which an action has accrued, and that in case of assumpsit, permitting the aggrieved party to declare for money of his received.

The demurrer must be overruled, with costs, and judgment for the plaintiff, with liberty to the defendant to amend on payment of such costs.