JAMES J. NEALIS, AS RECEIVER, ETC., OF MATHIAS STRANSKY AND OTHERS, RESPONDENT, v. SALEM LISSNER AND MICHAEL LEVENSON, APPELLANTS.

*Allegations of fraud in a complaint — when they do not state a cause of action in tort.*

A complaint, alleging that the defendants agreed with the plaintiff, the receiver of an insolvent firm, to purchase the stock in trade of the firm at a specified price, and that in case the defendants should, at the auction sale thereof, buy such stock for a less amount, they would, nevertheless, pay the agreed price; that the defendants purchased the stock at less than the price agreed upon, but refused to carry out the contract entered into by them, and that the plaintiff was entitled to the difference between the price paid at the auction sale and the price agreed upon, and further alleging that the defendants unlawfully conspired to cheat and defraud the said firm of Stransky, Reimans & Aarons, of which plaintiff was receiver, attended the sheriff's sale, and purchased the merchandise there sold, and that while conspiring to the same fraudulent ends the defendants did certain other acts and things, does not state a cause of action in tort, and the allegations of fraud therein should be stricken out on the motion of the defendants.

APPEAL from an order made at the New York Special Term denying a motion to strike out certain allegations of fraud in the complaint as redundant, and for other relief, entered in the office of the clerk of the county of New York, November 27, 1888.

The complaint set up an agreement made by the defendant to pay for a certain stock of goods a price agreed upon, and, although the same might be purchased at the auction sale thereof for a less price, to pay the balance of such price to the plaintiff. The complaint also contained the following allegation : That, pretending to act under said agreement, the defendants Lissner and Levenson unlawfully conspired to cheat and defraud said Stransky, Reiman & Aarons, attended the sheriff's sale of the stock, goods and fixtures of Stransky, Reiman & Aarons, on or about the 26th day of March, 1888, and purchased the same for $23,185.09; that theretofore the said stock had been appraised at $51,443.81, which sum was agreed to by defendants as being the cost price, ninety per cent of which would be $46,299.43, leaving a balance due from the new firm of Lissner, Levenson & Reiman to the old firm of Stransky, Reiman & Aarons, under the agreement, of $23,114.34; that, still conspiring to the same fraudulent ends, the said Lissner and Levenson opened a business in the same line as formerly conducted by Stransky, Reiman & Aarons at the same stand, having obtained a lease thereof at the same rate of rental formerly paid by Stransky, Reiman & Aarons ; and, still pretending in good faith to keep their agreement with said Reiman and said Stransky, Reiman & Aarons secured . said Reiman's services at the new stand, and the same was opened by him, and the business started and run for upwards of a month without compensation, and in the expectation that said Lissner and Levenson would carry out their said agreement, and relying on their promises so to do.

The plaintiff or his attorney were ordered to show cause why the following portions of the complaint herein should not be stricken out as redundant, that is to say, the words "pretending to act under said agreement" in the sixth line of the ninth folio of said complaint, and the words "Lissner and Levenson unlawfully conspired to cheat and defraud said Stransky, Reiman & Aarons" in the seventh and eighth lines of said ninth folio, and the words "still conspiring to the same fraudulent ends" in the eighth and ninth lines of the tenth folio of the said complaint, and the words "still pretending in good faith to keep their agreement with said Reiman, and said Stransky, Reiman & Aarons" in the second, third and fourth lines of the eleventh folio of said complaint; and why

the plaintiff should not elect upon what cause of action he will rely herein, whether upon the cause of action upon contract or of fraud in said complaint set forth, or whether he will rely upon the cause of action therein for damages to Alexander Reiman or for damages to Mathias Stransky, Alexander Reiman and Louis Aarons, as copartners.

*Aaron P. Whitehead*, for the appellants.

*Charles Donahue*, for the respondent.

BRADY, J.:

This action was brought upon a contract by which the defendants agreed to purchase the property of Stransky, Reiman & Aarons at a price named. It appears that the firm mentioned failed in the month of March, and the merchandise owned by them was sold under execution. Before the sale Reiman and the defendants agreed to go into business together, and to purchase the stock of the firm already suggested, the defendants agreeing that in case they should buy the stock for less than ninety per cent at the auction, they would, nevertheless, pay that sum for it. They purchased the stock at less than ninety per cent, but refused to carry out the contract, which induced this action, the plaintiff claiming, as receiver of the firm, that he was entitled to the difference between the price paid at the auction sale and the price agreed upon, which was something like fifty per cent. The complaint charges upon the defendants, in connection with the contract, fraudulent conduct; for example, it is alleged in paragraph seventh of the complaint that, under the agreement to which reference has been made, the defendants, unlawfully conspiring to cheat and defraud the said firm of Stransky, Reiman & Aarons, attended the sheriff's sale and purchased the merchandise there sold, and that, still conspiring to the same fraudulent ends, the defendants were guilty of certain conduct, and that, by reason of the matters and things charged, the firm named were damaged to the extent of $30,000, which the plaintiff, as receiver, claimed the right to recover. The cases of *Harway* v. *The Mayor* (4 T. & C., 167) and *Sheahan* v. *Shanahan* (5 Hun, 461), cited on behalf of the plaintiff, do not sustain the proposition that, in such a case as this, the

allegations of fraud are necessary, or are to be tolerated, and for the reason that, assuming the facts in regard to the contract, as alleged, to be true, it is not necessary, in order to establish the plaintiff's claim to show, in addition, fraudulent devices of any kind whatever. The averments amount to a contract made and broken, and the right to maintain the action depends upon these elements, and these elements alone. The cases mentioned do not present any of these characteristics. In *Sheahan* v. *Shanahan*, for example, the defendant claimed that the judgment was erroneously recovered, because the complaint was for a wrongful conversion of property, while the cause of action established by the evidence was on contract. The General Term held that the foundation of the claim made by the plaintiff was an express contract, and, although the breach of it was alleged in terms characterizing the defendant's failure to perform as wrongful, it was still no more than a non-performance of the agreement alleged to have been made, and that these allegations of wrong did not change the action from one on contract to one in tort. This case is really an authority for the proposition that the allegations of fraud were unnecessary for the plaintiff's recovery. It may be said, perhaps, with propriety, that a deliberate refusal to carry out a contract necessarily involves the element of fraud; the refusal being *prima facie* unjustifiable, and, therefore, in violation of law. For these reasons it is thought that the order in the court below should be reversed, and an order entered directing the allegations of fraud to be stricken from the complaint as redundant. This disposition of that part of the appeal disposes, also, of the attempt to compel the plaintiff to elect whether he will proceed upon the contract alone or upon the alleged fraud. The attempt to obtain an order directing the plaintiff to elect whether he will rely upon the cause of action herein for damages to Alexander Reiman, individually, or for damages to the firm of which he was a member, must fail. The receiver seems to be invested with all the property of the firm, and this action is broad enough to embrace all the damages that may be urged by either of them growing out of the cause of action alleged.

Order appealed from should be reversed, without costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, without costs.