### OTTOMANN v. FLETCHER.

*(Superior Court of New York City, Special Term.　November 2, 1889.)*

1. PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

> Where the complaint alleges a modification of the contract sued on, plaintiff will be required to make the complaint more definite and certain by giving the full terms of the alleged modification, and by stating whether the word "contract," as used after the averment as to the modification, refers to the original contract, or to the contract as modified.

2. STATUE OF FRAUDS—PLEADING—MODIFICATION OF CONTRACT.

> Where a complaint alleges that the contract sued on was in writing, as required by the statute of frauds, and that it has been modified, it need not allege that the modification was in writing.

At chambers.　Action by Jacob Ottomann against George H. Fletcher.　The complaint alleged that plaintiff and one Alberto H. Chaffee entered into a contract in writing whereby plaintiff agreed to make and deliver to Chaffee a lot of comic playing cards and advertising cards.　The third, fourth, and fifth paragraphs of the complaint, referred to in the opinion, are as follows: "(3) That plaintiff has complied with all the terms of said contract as modified, as alleged hereinafter, and has made and delivered or duly tendered to said Chaffee thirty-seven thousand seven hundred packs of said cards, and performed all the conditions of said contract on his part, and that, thirty days after the delivery or the tender of said goods complete, he duly demanded performance and payment therefor on the part of said Chaffee, which he has refused, and still refuses, to plaintiff's damage three thousand one hundred and forty-seven dollars, no part of which has been paid.　(4) That, when plaintiff manufactured said cards from the stock originally estimated by him to fill the contract, there were but thirty-seven thousand seven hundred packs produced; that the attention of said Chaffee, and the defendant herein, was called to said deficiency, and to a consequent deduction in the contract price to compensate therefor; that they made no objection to the receipt of said thirty-seven thousand seven hundred packs, and acquiesced in the same, and consented to accept said goods tendered, with said consequent deduction in price, in performance of said contract, and waived the delivery of the balance of said cards; that it was customary among lithographers, in making contracts for large quantities of lithographic work, to make allowances for variances in quantity, from the difficulty of accurately estimating the original stock to be manufactured, and said contract having been made with said custom in view.　(5) And plaintiff further shows that, in consideration of the premises, and as a condition of plaintiff making said contract, and as an inducement for him to do so, this defend-

ant, on the day said contract was made, guarantied in writing the payments as aforesaid under said contract to be made by said Chaffee, which guaranty, as written under said contract in words and effect as follows: 'Payments by A. H. Chaffee as above guarantied.  N. Y., April 30, 1888.  GEO. H. FLETCH-ER.'"  Defendant now moves to make the complaint more definite and certain.

Goepel & Raegner, for plaintiff.    George H. Fletcher, for defendant.

DUGRO, J.  I think the complaint should be made more definite and certain by giving the substance and full terms of the alleged modification, and also by stating whether the words "said contract," in paragraph 5, refer to the original contract, or to the same as modified.  The precise meaning and the application of the allegations of the complaint are apparent without specification of the time and place of the alleged modification, or any statement as to whether this modification was in writing; and therefore the defendant's motion, so far as it asks for information as to these particulars, should not be granted.  See Tilton v. Beecher, 59 N. Y. 176.  In Betts v. Bache, 23 How. Pr. 197, it is held that it is not necessary in a pleading to state a contract within the statute of frauds to be in writing.

As to the contention of plaintiff's counsel that the defendant is well aware of all the facts upon which the plaintiff's claim is founded by reason of another action, etc., it is sufficient to say that the defendant is entitled to be informed by the complaint of the facts constituting the plaintiff's cause of action.  Section 481, Code Civil Proc.  He may have reason to know the nature of the plaintiff's claim aside from the pleadings, but it is his right to rely only upon that which appears in the complaint itself.  An order in accordance with the above will be granted, without costs.