GEORGE C. WINCHESTER, Respondent, v. T. QUINCY BROWNE, Appellant.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Pleadings. Definite and certain.*—To authorize the court to direct the allegations to be made more definite and certain by amendment, they must be so indefinite and uncertain that the precise meaning and application of the pleading are not manifest.
2. *Same.*—Averments, in a complaint, in any way pertinent to the inquiry, will not be stricken out.

Appeal from order denying motion to strike out certain portions of the amended complaint and to make the other portions of it more definite and certain.

The complaint alleged that in 1878 the plaintiff was solvent, stating the value of his property and the mortgages thereon; that his health failed; that on the advice of defendant, he mortgaged certain land to defendant, who promised to advance $30,000 thereon and to take up a former mortgage; that defendant afterwards refused to do so unless given a share in the business, and one W. was also allowed to come in; that defendant and W. conducted the business, allowed its credit to be impaired and procured a creditor to sue out an attachment, this being done with intent to bring about a sale of the property for the payment of debts of far less amount than the value of the property and buy it in for a fraction of its real value; that with like intent defendant urged plaintiff to convey all his property to him in trust for creditors, and on his refusal induced certain creditors to file a petition in insolvency against the firm; that yielding to such threats, plaintiff executed the trust deed; that after such deed was given defendant induced said creditors to revive the abandoned insolvency proceedings and prosecute

them to the selection of assignees ; that thereafter defendant and his co-trustees did not discharge any duties as trustees, but have done and omitted everything within their power which could in anywise defeat the trust deed and the rights of plaintiff thereunder ; that with like intent defendant sold the real estate for an inadequate price to one C., who purchased it for defendant's benefit; that defendant organized a company, to which C. conveyed the property without any new consideration; that he has sold the rest of the property for less than its value ; that the business has been broken up and all of plaintiff's property lost to him.

*Henry Schmitt,* for appellant.

*A. Walker Otis,* for respondent.

DANIELS, J.—The action has been brought to recover damages which the plaintiff alleges he has sustained by reason of transactions between himself and the defendant and others at the instance and request of the defendant, by which he has lost or been deprived of a large amount of property. The facts from which the liability is alleged to have followed are clearly set forth in the complaint so far as they appear to be material to the plaintiff's cause of action. There is no uncertainty as to the description of the circumstances relied upon to create the liability, and from their perusal there seems to be no difficulty whatever in definitely understanding the entire purpose of the plaintiff as the complaint has been framed.

It is only when allegations are so indefinite and uncertain that the precise meaning and application thereof is not apparent, that the court has been authorized by § 546 of the Code of Civil Procedure to direct the statements to be made more definite and certain by amendment. The object of the system of pleading which has been devised was to require a plain statement of the facts in such language as would enable

the defendant to understand what was designed to be alleged against him as the ground of his liability, and that has been accomplished by the allegations which are contained in this complaint. There is no uncertainty as to the material circumstances, or the manner in which the plaintiff asserts himself to have been injured in the transactions mentioned and set forth, and the court was accordingly right in denying the motion to make the complaint more definite and certain.

There were no such irrelevant allegations or statements inserted in the complaint as would justify an order to strike them out. Whatever has been alleged is pertinent to the case intended to be presented. And allowing the allegations to stand as they have been made in the complaint will produce no disadvantage or injury whatever to the defendant.

How far the evidence will be found to be material to the plaintiff's alleged right of action, included in these allegations, will be better determined at the trial than upon a mere motion of this description.

It will be a source of no trouble or confusion in the action to leave the complaint as it has been framed.

In Nealis, Receiver, *v.* Lissner, 52 Hun, 503, the allegations which were stricken out were disconnected with the cause of action which was relied upon to sustain the action. No allegation was excluded from the pleadings in that instance which in any probable view would become important upon the trial. While in this case all the facts which have been alleged by the plaintiff will be pertinent to the inquiry intended to be set on foot in the action.

The order from which the appeal has been taken was right, and it should be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., concurs.