WHITNER *v.* PERHACS.

*(Supreme Court, Special Term, New York County.* June 17, 1890.)

1. PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.
    A complaint alleged that plaintiff purchased stock of a corporation, of which defendant was president; that defendant represented to her (plaintiff) that the corporation was in a prosperous condition, and that she could draw a salary of $30 a week for services to be rendered by her in case she should buy the stock; and that such representations were made to defraud plaintiff, and to induce her to purchase the stock. *Held*, that the complaint stated but one cause of action, and a motion to compel plaintiff to amend so as to state in separate counts her alleged causes of action for deceit in the sale, and for breach of the contract to employ should be denied.

2. SAME—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
    A motion to compel plaintiff in such case to make the complaint more definite and certain as to the items of damages alleged to have been sustained by plaintiff will be denied. A motion for a bill of particulars is the proper remedy.[1]

Action by Mary A. E. Whitner against Emil M. Perhacs. The complaint was as follows: "Plaintiff complains and says that she purchased from defendant sixty-six and one-third shares of the capital stock of the New England Biscuit Bakery of New York of the par value of $6,666.66, being one-third of the capital stock of said company. That at that time, and for a long time previous thereto, defendant was president of said biscuit company, which was a corporation created under the laws of the state of New York, and doing business in the city of New York. That plaintiff at said time was personally unacquainted with the financial resources, standing, and condition of said company, and with the condition, extent, and profits of its business. That previous to said purchase, she had frequent interviews with the defendant, its president, in reference to her proposed purchase, and made inquiries of him as to its assets, liabilities, business, and financial condition. That said defendant stated and represented to her at said interviews that said company was doing a large and very profitable business, which was rapidly increasing; that its stock was fully paid stock; that its indebtedness in all was only $3,500; that said company owned all the fixtures, machinery, and plant used by it, and in its possession; that said company had outstanding bills receivable, book-accounts, and claims owing to it, amounting to $13,000, all or very nearly all of which were perfectly good and collectible, and that the profits of said business were and had been large and increasing, and were such that plaintiff could properly draw and receive therefrom at least $30 per week for

---

[1] See note at end of case.

services she proposed to render to said company in and about its business in the event she should purchase said stock. That plaintiff wholly relied upon and believed all of said statements and representations of defendant, and was thereby induced to purchase said stock, and to devote her time to the interests of said business. This plaintiff further alleges that said representations were untrue, and known by defendant to be untrue, and made with intent to deceive and defraud plaintiff, and to induce her to purchase said stock at the price aforesaid; and that she was thereby defrauded and deceived, and induced to purchase said stock. Defendant further alleges that the actual indebtedness of said company, at the time aforesaid, was about $12,000 instead of $3,500, as stated by defendant, and that the business done by said company was neither large nor profitable; that the said company did not own all the machinery, fixtures, and plant in its possession, and used by it, but that an elevator of the value of $500, two boilers of the value of $1,000, and a drop machine of the value of $745, then in its possession, and used by it, were not owned by it; that the bills receivable and the debts owing to said company did not amount to $13,000, but were only about $6,500, and that of said last amount only about $2,000 was collectible. Plaintiff further alleges that she gave all her time and ability to the service of the said company from January 7, 1889, to January 15, 1890, and was engaged in its business at least 13 hours per day; that so far from being able to draw $30 per week from the profits of said business, she was enabled to draw and did draw only $350 in all, which was all that the profits of said business would enable or entitle her to draw, although the business and its profits continually improved from the time of her said purchase till its close; that the plaintiff has been damaged by the misrepresentations and false statements of the defendant, as aforesaid, in the sum of $9,000, for which sum she demands judgment against the defendant. Wherefore the plaintiff demands judgment against the defendant for the said sum of $9,000, with the costs of this action." Defendant moves that plaintiff be compelled to amend her complaint so as to set out and number her alleged cause of action for deceit in the sale, and to set out and number in another count her cause of action, for breach of contract to employ and services rendered. Defendant also moves to make the complaint more definite and certain by specifying the nature and grounds of the special damages alleged.

*D. G. Wild,* for plaintiff.   *F. F. Van Derveer,* for defendant.

INGRAHAM, J.   There is but one cause of action set up in the complaint; that is, an action for damages caused by the fraudulent misrepresentations made by defendant. The fact that there are two items of damage, one the amount paid by plaintiff for the stock, and one the value of the services rendered to the corporation, does not make two causes of action. The motion to separately state the causes of action denied. Nor should the plaintiff be required to make the complaint more definite and certain as to the items of the damage alleged to have been sustained by plaintiff. If information is sought upon that ground, the proper remedy is by a bill of particulars, and not a motion to make the complaint more definite and certain. Motion should therefore be denied, with $10 costs.

### NOTE.

° MOTION TO MAKE PLEADINGS CERTAIN AND DEFINITE. Code Proc. N. Y. § 160, provides that "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain." Code Civil Proc. N. Y. § 546, provides that, "where one or more allegations contained in a pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain." Code Proc. § 158, (Code Civil Proc. § 531,) authorizes a bill of particulars in "all cases" where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of pleading. Tilton v. Beecher, 59 N. Y.

176, 184. An averment in a complaint that defendant had criminal intercourse with plaintiff's wife "on or about the 10th day of October, 1868, and on divers other days and times after that day," states definitely the charge against defendant, and a motion to make definite and certain, under Code Proc. § 160, will not lie; but a bill of particulars specifying the times and places at which plaintiff expects to prove that defendant committed the acts charged is the proper remedy. Id. Averments of the answer in an action on a sealed instrument, that it was agreed between plaintiff and defendant that plaintiff should advance certain money to be used by defendant in purchasing oil, the profits of which were to be shared by plaintiff, that, relying on this agreement, defendant purchased oil, but plaintiff refused to advance money with which to pay therefor, and that defendant, not being able to complete his purchases, was thereby damaged, sufficiently state the nature of the defense, though the items constituting it are not shown, and a motion to make more definite and certain, by stating the dates of purchase, the names of the sellers, and the quantities of oil purchased, and by showing wherein defendant was damaged, will be denied, as plaintiff has a complete remedy by motion for a bill of particulars. Rouget v. Haight, 10 N. Y. Supp. 751. A complaint which alleges that plaintiff was injured by an explosion of gas, "which explosion * * * was caused by the negligence of the defendants," contains a sufficient statement of the cause of action, and a motion to make more definite and certain will not lie. Defendant's remedy against surprise at the trial is by a bill of particulars of the particular facts which plaintiff expects to prove at the trial. Jackman v. Lord, 9 N. Y. Supp. 200. Where a complaint is so framed that there is no difficulty in understanding the claim of plaintiff, and the circumstances on which he relies to create the liability alleged, defendant's motion to make more definite and certain will be denied. Winchester v. Browne, 7 N. Y. Supp. 550. The office of a bill of particulars is to amplify a pleading. Higenbotam v. Green, 25 Hun, 214; Ball v. Publishing Co., 38 Hun, 11. Where a complaint, after attempting to state various causes of action because of an alleged breach of covenants in a lease made by plaintiff to defendants, states that, for a fourth and separate cause of action, plaintiff alleges that by reason of the premises he has sustained special loss and damage, without reiterating or adopting any former allegation of the complaint, a motion to have this allegation made more definite and certain should be granted. McKenzie v. Fox, 8 N. Y. Supp. 460. See, also, Simmons v. Simmons, 4 N. Y. Supp. 221; Blake v. Barnes, 9 N. Y. Supp. 933; Ottomann v. Fletcher, 10 N. Y. Supp. 128.

TIME OF MAKING. Under Gen. Rule Prac. 22, providing that motions "to correct a pleading on account of its being so indefinite or uncertain that the precise meaning or application is not apparent, must be noticed before demurring or answering the pleading, and within 20 days from the service thereof," a motion to make a complaint more definite and certain must be made within 20 days after the complaint is served. Brooks v. Hanchett, 36 Hun, 70, citing Walker v. Bank, 1 Abb. Pr. (N. S.) 406; Roosa v. Turnpike Road Co., 8 How. Pr. 237; New York Ice Co. v. Northwestern Ins. Co., 21 How. Pr. 234; Barber v. Bennett, 4 Sandf. 705.