## GELCH *a.* BARNABY.

*New York Superior Court; Special Term, July,* 1858.

### SECURITY FOR COSTS.—UNDERTAKING.

A non-resident plaintiff, in an action for chattels, took proceedings of claim and delivery in the action, under section 209 of the Code, and gave the usual undertaking, and, thereupon, the defendants obtained a return of the chattels, under section 211.

*Held,* that the plaintiff might be required to file security for costs, notwithstanding he had already given one undertaking.

Whether the defendant, after having obtained a return of the property, could maintain an action upon the plaintiff's first undertaking,—*Query?*

Motion that plaintiff file security for costs.

The facts appear in the opinion.

*T. W. Barnaby*, for the motion.

*E. J. Porter*, opposed.

BOSWORTH, J.—The defendants move for an order that plaintiff file security for costs, on the ground that she has become a resident of New Jersey since the action was commenced. The motion is opposed on the ground that this action is brought to recover possession of personal property, and that plaintiff gave an undertaking with sureties, such as is prescribed by section 209 of the Code. To this it is answered, that the defendants required and obtained a return of the property by executing with sureties such an undertaking as is provided for by section 211 of the Code.

The Supreme Court held in Rogers *a.* Hitchcock, that a plaintiff in replevin who had executed the proper bond, would not be compelled to give a further bond as security for costs, although not a resident of this State (9 *Wend.*, 462). This was probably so decided on the ground that a bond under 2 Revised Statutes, 523, § 7, was as broad as a bond under 2 Revised Statutes, 620, § 4, and that by the bond first given the defendants had been furnished with all the security to which 2 Revised Statutes, 620, entitled him.

The Revised Statutes did not enable a defendant in a replevin suit to procure a return of the property to himself by merely demanding it, and giving prescribed security.

There is much in the provisions of the Code in support of the proposition, that when a defendant in an action to recover the possession of personal property requires a return of it to himself, and complies with section 211 of the Code, he thereby loses and is deprived of all right to bring an action for any purpose, on the undertaking given by the plaintiff to obtain the possession *pendente lite*.

If the defendants succeed, the only judgment they can recover is one for costs. It may, at least, be said that the Code does not in terms allow them to assess damages for the temporary interruption of their possession (*Code*, 277).

It is quite clear that the rights of the defendants to sue upon the plaintiff's undertaking may be very different from those

of a defendant in an action of replevin under the Revised Statutes.

I think, therefore, she is not exempted from liability to file security for costs because she gave an undertaking under section 209 of the Code, nor because she does not intend to reside permanently in New Jersey. Security for costs must be filed in twenty days.

---

## FAIRBANKS *a.* TREGENT.

*Supreme Court, Second District; Special Term, April,* 1858.

EXAMINATION OF PARTIES.—DEPOSITION ON COMMISSION.

Under the provision of section 399 of the Code,—that a party may be examined as a witness in his own behalf, the same as any witness, on previous notice, except in certain cases,—a non-resident is entitled to be examined upon commission in his own behalf, although the adverse party has not given any notice of his own examination.

Motion for a commission to examine the defendant on his own behalf.

The defendant was a resident of the State of Michigan, and this application was made by him for the issue of a commission in the action for the examination of himself and other non-residents of this State on his own behalf. No notice of the intended examination of the plaintiff at the trial had been given in the action, and it was insisted by the plaintiff in opposition to the motion, that under such circumstances a commission could not issue for the examination of the defendant on his own behalf.

*Livingston K. Miller,* for the motion.

*Wm. Tracy,* opposed.

LOTT, J.—It is provided by section 399 of the Code as amended in 1857, that a party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness, on previous notice, except in certain cases. The