NEW YORK COMMON PLEAS.

## SOLIS agt. MANNING.

The *evidence* upon which a charge of malice in procuring an arrest; the *circumstances* attending the arrest, and the *annoyances* to which the plaintiff was subjected in making the arrest, can not be *pleaded* in an action for damages for an alleged malicious arrest.

*Special Term, March,* 1868.

MOTION to strike out part of a complaint. The action was for damages for an alleged malicious arrest. The plaintiff pleaded all the circumstances attending the arrest and the petty annoyances to which he was subjected.

SEWELL & PIERCE, *for the motion.*
D. D. LORD, *opposed.*

BARRETT, J. The cases of *Eddy* agt. *Beach* (7 *Abb. Pr. R.*, 19), and *Shaw* agt. *Jayne* (4 *How., Pr. R.*, 119), are decisive of the two first branches of this motion. They clearly hold that the evidence upon which a charge of malice in procuring an arrest is based, cannot be pleaded. Malice is a fact and should be pleaded as such. The circumstances attending the arrest, although of themselves distinct acts, are still but the evidence in support of the alleged fact of malice.

As to the remaining count, the annoyances therein specified are not pleaded by way of special damage; but even if so pleaded, their proof, instead of establishing the right to any such damages, could only tend to aggravate the ordinary damages which naturally and necessarily result from the alleged wrong. Such matters as stated by Judge DALY, in *Moloney* agt. *Dows,* (15 *How. Pr. R.*, 265, 266,) (citing

numerous cases), are allowed to be given in evidence to show the *quo animus;* but they are never pleaded. These views are not in conflict with those expressed in *Brockleman* agt. *Brandt* (10 *Abb. Pr. R.*, 141). The matter there sought to be stricken out, and which was regarded as an averment of special injury, consisted of a statement that the defendant had maliciously procured a publication concerning the arrest, which was libelous. The damages resulting from such a publication, although springing from the arrest, are not its legitimate consequences. They flow from an independent act, distinct from the arrest itself, although based thereon, and involving consequences of a more extended character than such as naturally result therefrom. It is eminently proper that such damages should be specially pleaded, and they are plainly distinguishable from those sought to be spread upon the present record.

The motion must be granted with $10 costs, with leave to the plaintiff to serve an amended complaint within ten days upon payment of such costs.