## BLAKE v. BARNES et al.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

　　Where the plain import of a complaint is to state a number of different causes of action, and plaintiff takes the ground that there is but one cause of action set out, a motion to make the complaint more definite and certain by separately stating and numbering each cause of action should be granted, but with leave to plaintiff, on payment of costs and disbursements, to amend the complaint so as to omit therefrom all matters irrelevant to a single cause of action.

　　Appeal from special term, New York county.

　　Action by Sarah Frances Blake against Alfred C. Barnes and others, individually, and as executors, etc., of Alfred S. Barnes, deceased. From an order denying their motion to require plaintiff to make the complaint more definite and certain, by separately numbering and stating each alleged cause of action, defendants appeal.

　　Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

　　*Jay & Candler,* (*Flamen B. Candler,* of counsel,) for appellants. *C. Bainbridge Smith,* for respondent.

　　BARTLETT, J. We think the appellants here have a substantial grievance. Judging from the face of the complaint, it is difficult to avoid the conclusion that the pleader intended to set out therein several causes of action against the defendants. The plaintiff has neither stated these causes of action separately, nor numbered them. On the contrary, allegations belonging to the statement of one cause of action are so intermingled with allegations belonging to the statement of another that it would be difficult indeed for the defendants, who are called upon to meet them, to answer the complaint intelligently in its present form. Their motion to have the complaint made more definite and certain, by separately stating and numbering these several causes of action, is met on the part of the plaintiff by the suggestion that the complaint really contains but one cause of action, and that is "for an account and construction of a will." But if this position be correct the defendants would be entitled in that event to have some portions of the complaint stricken out as irrelevant. There is no certainty, however, that a motion to strike out matter as irrelevant would not be opposed upon the ground that the complaint really stated more than one cause of action. Such changes of front on the part of counsel are by no means uncommon in modern litigation. We have a case now before us in which a party insisted, upon the trial of a demurrer at special term, that his complaint set out only a cause of action in tort, but now strenuously argues at general term, on an appeal from the judgment, that his cause of action sounds in contract only.

　　In the case at bar, if the plaintiff takes the ground that there is but one cause of action set out in her complaint, she must do it in such a manner as to enable the defendants to hold her to that position throughout the litigation. As we have suggested, the plain import of this complaint, whatever may have been the real intent of the pleader, is to state a number of different causes of action against the defendants. We must judge of its meaning, not by what the plaintiff's attorney says he meant, but from the language which the plaintiff's attorney actually used when he drafted the pleading. Inasmuch, therefore, as we regard the complaint as a statement, or attempted statement, of a number of causes of action, the motion to require the plaintiff to state the causes of action separately, and to number them, ought to be granted, unless the plaintiff is willing to take the position upon the record which is now taken upon the argument of this appeal, to-wit, that she intends and desires to state but a single cause of action. Order reversed, with $10 costs and disbursements, and motion granted, but with leave to the plaintiff,

on payment of such costs and disbursements, to amend the complaint, if she so desires, so as to omit therefrom all matters except such as are relevant to a single cause of action. All concur.