## COUSINS v. SWORDS.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. FALSE IMPRISONMENT—ILLEGALITY—WARRANT—PLEADING.

The allegation essential to a complaint for false imprisonment, that the imprisonment was illegal, or was procured without a warrant, is not supplied by an averment that on the criminal trial there was not sufficient cause to believe defendant therein guilty, and that he was discharged.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—PLEADING.

The allegation essential to a complaint for malicious prosecution, that there was no probable cause, is not dispensed with by an averment that on the criminal trial there was not sufficient cause to believe defendant therein guilty, and that he was discharged.

Appeal from special term, New York county.

Action by Richard Cousins against Edward J. Swords. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

William H. Sage, for appellant.

W. B. Donihee, for respondent.

RUMSEY, J. It is not certain whether this action is brought to recover damages for false imprisonment of the plaintiff or for malicious prosecution, but in neither aspect of the case do we think that the complaint can be sustained. If it was intended to sue for the false imprisonment, the complaint is manifestly defective, because there is no allegation in it that the imprisonment of the plaintiff, which it is said was procured by the defendant, was illegal, or was procured without a warrant. One of these things it is necessary to allege. Add. Torts, p. 147.

It is claimed that the act of the defendant was a trespass, and that he was, therefore, necessarily liable for it. But it was not trespass on the part of the defendant to make a complaint against the plaintiff, nor was it any trespass against him to cause his arrest, unless that arrest was, for some reason, illegal. There was no allegation of this kind. All that was said on the subject in the complaint is that the plaintiff was arrested, and that the arrest was

caused by the defendant, and that upon the trial there was no sufficient cause to believe him guilty, and he was discharged. But every word of this may be true, and yet it may be equally true that this arrest, brought about by the complaint of the defendant, was made upon a warrant which was duly issued. If it was so made, there was no false imprisonment, and there is no presumption that it was not so made. The plaintiff is bound to allege in his complaint the facts from which it will appear that his arrest was illegal. In this case, not only does he not allege those facts, but he does not even aver as a proposition of law that his arrest was not perfectly legal.

Neither can the complaint be sustained as an action for malicious prosecution. To sustain such an action it is necessary that the plaintiff should allege and prove that there was no probable cause for the prosecution, and that it was instituted through malice. Thaule v. Krekeler, 81 N. Y. 428. It is stated in the complaint that the defendant maliciously charged the plaintiff with the crime, but there is nothing from which it can be inferred that that charge was made without any probable cause. Whatever weight may be given upon the trial to the fact that the charge was false, and that the plaintiff was acquitted, the plaintiff is not relieved, because of the allegation of those facts in the complaint, from the necessity of alleging that there was no probable cause for the prosecution against him.

For these reasons the judgment overruling the demurrer must be reversed, and judgment given for the defendant upon the demurrer, with costs, with leave to the plaintiff to amend his complaint in 20 days on payment of the costs in this court and of the demurrer in the court below. All concur.

