(29 Misc. Rep. 162.)

## DALY v. WOLANECK.

(Supreme Court, Special Term, New York County. October, 1899.)

FALSE IMPRISONMENT—PLEADING—MOTION TO MAKE DEFINITE.

In an action for false imprisonment, where the complaint, which con-tains allegations of assault and false imprisonment, fails to number the statements of alleged facts constituting alleged causes of action, a motion to make the pleading more definite and certain by setting forth and num-bering such statements will be granted, unless plaintiff stipulates that he intends to state but one cause of action.

Action by Peter Daly against Charles Wolaneck. Motion to make complaint more definite. Granted.

Motion to make the complaint more definite and certain by setting forth and numbering statement of alleged facts constituting alleged causes of action. The complaint alleged "(1) that on the 18th day of July, 1898, the defendant assaulted the plaintiff," and "gave him into the custody of a policeman, and forced and compelled him to go to a police station, and then caused him to be imprisoned upon a false charge then made by the defendant, that the plaintiff had been guilty of a misdemeanor, and caused him to be imprisoned until he was brought in custody before one of the city magistrates of the city of New York, and the defendant then again charged him with the said offense; but said magistrate dismissed the said charge, and caused him to be discharged out of custody." The complaint further alleged "(2) that by reason of the premises the plaintiff was damaged in the sum of $2,500."

Charles Stein, for the motion.
Daniel Daly, opposed.

GIEGERICH, J.  It is true that the allegations of assault and false imprisonment may, under the authorities, be joined in the statement of one cause of action, where the nature of the action is conceded, but, where the plaintiff fails to disclose the theory of his action, it is impossible to say which allegations are set forth in chief and which in aggravation; hence to permit the pleading to stand would be to place the defendant in a state of hopeless uncertainty as to the issue to be met. The plaintiff's brief is so equivocally drawn that no recital as to his position could be made in the order for the purpose of an estoppel of record, and accordingly he should be compelled to define his case. See Blake v. Barnes (Sup.) 9 N. Y. Supp. 933.

The motion to require the plaintiff to separately state and number the complaint as stated in the notice should therefore be granted, unless the plaintiff within five days after the entry of the order stipulate that he intends and desires to state but a single cause of action, specifying which allegations are set forth in chief and which in aggravation; $10 costs to the defendant. Settle order on notice.