WILLIAM Y. ROBINSON, Appellant, *v.* JOHN P. BROWN et al., Respondents.

PLEADING — WHEN COMPLAINT DOES NOT STATE SEPARATE CAUSES OF ACTION.  The complaint in a taxpayer's action for the annulment of a contract for the erection of an engine house and lockup in a village and for the prevention of waste of its funds by prohibiting the payment of the amount due thereon, which alleges numerous illegal acts on the part of its board of trustees and that they failed to comply with the Labor Law (L. 1899, ch. 567) by seeing that the contract contained its stipulations, does not state separate causes of action, viz., one under the Taxpayers' Act and the other under the Labor Law, where all of the alleged illegal acts, including the violation of the Labor Law, have reference to the one building and to the one relief sought by the action.

*Robinson* v. *Brown*, 49 App. Div. 508, reversed.

(Argued February 25, 1901; decided March 8, 1901.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 3, 1900, which affirmed an order of Special Term requiring the plaintiff either to amend his com-

plaint by separately stating and numbering the two causes of action alleged therein, to wit, a cause of action under section 1925 of the Code of Civil Procedure and chapter 301 of the Laws of 1892, known as a taxpayer's action, and a cause of action under the Labor Law (Chap. 567 of the Laws of 1899), or to eliminate from his complaint one of said causes of action.

The nature of the action, the questions certified and the facts, as far as material, are stated in the opinion.

*D. S. Robinson* for appellant. The action is an equitable one, and the various acts stated in the complaint are set forth as parts of a single scheme carried on by the defendants to effect a single purpose, and thereby illegally use the funds of the village. This constitutes but a single cause of action, and if the facts alleged do not entitle the plaintiff to all the relief demanded in the prayer for judgment, still it does not change the nature of the action or the complaint. (*Gray* v. *Fuller*, 17 App. Div. 29; *O'Brien* v. *Blaut*, 5 App. Div. 223.) This is an equitable action, and all of the acts alleged constitute a part of one scheme for which the plaintiff is seeking a remedy. (*People* v. *Tweed*, 63 N. Y. 194; *P. Nat. Bank* v. *Tailer*, 60 Hun, 130.) If the facts stated in the complaint are sufficient to entitle the plaintiff to any equitable relief the demand of judgment is immaterial. (*Watkins* v. *W. & T. L. Co.*, 11 App. Div. 517; *Garner* v. *Thorn*, 56 How. Pr. 452; *Bell* v. *Merrifield*, 109 N. Y. 202.) The foundation of the action is the waste of funds of the village. It is not the mere act of the defendants; it is the result of the act or acts of the defendants wasting the funds of the village, for which the plaintiff seeks a remedy. And it makes no difference whether it is one act or a series of acts which produce the result, the plaintiff has the right to allege and prove all the acts that contribute to the existence of the evil complained of. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222; *Standart* v. *Burtis*, 46 Hun, 82; *Pope* v. *Kelly*, 30 App. Div. 254; *O'Brien* v. *Blaut*, 5 App. Div. 223.)

*William T. Plumb* and *L. A. Walker* for respondents. The plaintiff's complaint herein contains more than one cause of action. (Pomeroy on Rem. & Rem. Rights, §§ 455, 456.) The allegations in regard to the violation of the provisions of the Labor Law either constitute a separate cause of action or are entirely immaterial and redundant. (*Lutes* v. *Briggs*, 64 N. Y. 404; *People ex rel. Rodgers* v. *Coler*, 67 N. Y. Supp. 701; *Talcott* v. *City of Buffalo*, 125 N. Y. 280.)

HAIGHT, J.    The appeal herein was allowed by the Appellate Division, which certified two questions for review : *First.* " Does the plaintiff's complaint in this action contain more than one cause of action ?    *Second.* Should the order of the Special Term of the Supreme Court requiring the plaintiff to amend his complaint, and the order of the Appellate Division of the Supreme Court affirming the same be reversed ? "

This action was brought by the plaintiff, as a taxpayer of the village of Nunda, to obtain a judgment annulling a contract made by the board of trustees of the village with the defendants, Charles E. and Chester T. Foote, for the construction of an engine house and lockup, and to enjoin the trustees from paying the contractors therefor.    The action is in equity and its purpose is to prevent the waste of the funds of the village.    The complaint contains numerous allegations of illegal acts on the part of the board of trustees, *i. e.*, in the conduct of the elections had for the purpose of determining whether such a building should be constructed and the amount that should be raised therefor, in the borrowing of money until the amount should be raised by taxation for the payment for the building, and in not complying with the provisions of the Labor Law by seeing to it that the contract contained an agreement on the part of the contractors that they would not permit or require more than eight hours' work in any one calendar day on the part of the laborers employed and that they would pay them therefor the prevailing rate of wages.

We think that but one cause of action is alleged in the complaint. The action, as we have seen, is in equity and the relief sought is the prevention of waste of the funds of the municipality by prohibiting payment to the contractors for the construction of the building. All of the alleged illegal acts on the part of the board of trustees, together with the alleged illegal contract entered into by them, have reference to the one building and to the one relief sought by the action.

The Special Term appears to have been of the opinion that a separate cause of action was alleged under chapter 567 of the Laws of 1899, known as the Labor Law. The complaint in this action does not allege that the plaintiff is a citizen, and for this reason it may fail to state a cause of action under the Labor Law, but if no cause of action is alleged the allegation referred to by the Special Term may be treated as surplusage and no amendment of the complaint requiring the causes of action to be separately stated and numbered is necessary. If, however, the plaintiff is a citizen, and a taxpayer as well, and brings the action to restrain illegal acts and waste on the part of municipal officers, we see no reason why he may not avail himself of any illegal acts, whether they arise under the Labor Law or any other statute, for the purpose of maintaining his action. We do not think that the allegations contained in this complaint constitute separate causes of action.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs. The first question certified is answered in the negative and the second in the affirmative.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Ordered accordingly.