with it and the mortgagee in a written agreement to submit the question of the damage caused by the fire to appraisers. This she did, and pursuant to the agreement an appraisal was made, and the amount of loss fixed at $2,050 on the hotel and $525 on the barn. The plaintiff was thus put to the trouble of executing the agreement, of selecting and paying an appraiser to act for her, and of furnishing the appraisers with the plans and specifications of the buildings, and giving them information concerning the buildings at the time of the fire. The defendant, with knowledge from which it might, in the absence of prior knowledge by its agent, have insisted upon a forfeiture of the policy, recognized its validity by entering upon this appraisal. The rule is well settled that when an insurance company, with knowledge of all the facts constituting a breach of a condition or a warranty, requires the assured, by virtue of the policy, to do some act or incur some trouble or expense, the forfeiture is deemed to have been waived. McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Titus v. Insurance Co., 81 N. Y. 410.

With reference to the claims that the policy was forfeited because of mechanics working upon the building in violation of a condition in the policy, and because of alleged false swearing in the proofs of loss concerning incumbrances, it is sufficient to say that neither of these defenses is pleaded in the answer.

Under a clause in the policy permitting other insurance, it appears that the plaintiff had a policy in another company upon each of the buildings covered by the policy in question for an amount equal to the amounts insured under this policy. This relieves the defendant of a proportionate part of the loss under the terms of the policy.

The plaintiff may have judgment for that proportion of the loss which the amount insured under the policy in question shall bear to the whole insurance on the property, with interest after 60 days from the appraisal, in accordance with the provisions of the policy, besides costs, and an extra allowance of 5 per cent. on the amount of her recovery. Ordered accordingly.

---

(34 Misc. Rep. 634.)

### HAUGHIE v. NEW YORK & N. J. TEL. CO.

(Supreme Court, Special Term, Kings County. April, 1901.)

MALICIOUS PROSECUTION—COMPLAINT—PLEADING—EVIDENCE.

> Where, in a complaint for malicious prosecution, plaintiff alleges publication in a certain newspaper of his arrest upon the charge of the defendant, and setting out the charge itself and the newspaper articles in full, such matter must be stricken from the complaint as irrelevant.

Action by James Haughie against the New York & New Jersey Telephone Company. Motion, under Code Civ. Proc. § 545, to strike out irrelevant matter from the complaint. Granted.

Edwin B. Fisk, for plaintiff.
Alexander Cameron, for defendant.

GAYNOR, J. The action is for malicious prosecution. The allegations of the complaint of the publication in a newspaper of the

arrest of the plaintiff upon the charge of the defendant, and of the charge against him, and setting the articles out in full, are irrelevant. If the defendant caused the publications to be made it may be sued for libel; but the matter is not pleaded as a cause of action; nor could the two causes of action be united. Code Civ. Proc. § 484. If the fact of publication be competent as evidence to show the extent of the publicity, and hence of the plaintiff's damage (about which I say nothing), that is no reason for pleading it. Evidence should never be pleaded, although some timid ones in our learned profession are of late made uneasy on that head by the learned reporter's catchwords to his learned headnote to the learned opinion in Stokes v. Polley, 164 N. Y. 266,[1] viz., "Evidence—When Admissible Although not Pleaded." But a learned profession should not swerve for such inadvertences, wherever found.

The motion is granted with $10 costs.