(39 Misc. Rep. 549.)

### PEASE v. FREIWALD et al.

#### (Supreme Court, Appellate Term, January, 1903.)

1. FALSE IMPRISONMENT—COMPLAINT.
     The complaint in an action for false imprisonment alleged that defendant wrongfully caused plaintiff to be imprisoned for two days on a false charge of grand larceny, and showed that the public authorities arrested her after the charge made. *Held* to state no cause of action, as it must be presumed that the arrest and imprisonment were legal, and there is no statement of facts showing that they were caused by unlawful means.

2. WRONGFUL ARREST.
     A complaint for wrongful arrest is demurrable where it fails to allege detention and damage.

Appeal from city court of New York, general term.

Action by Mary Pease against Sarah Freiwald and others. From a judgment dismissing the complaint (78 N. Y. Supp. 1130), plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

David M. Neuberger and Eugene N. L. Young, for appellants.
Bert Cohen and Wm. J. Barr, for respondent.

FREEDMAN, P. J. The complaint sets forth two causes of action, and the defendant demurred on the ground that neither contains sufficient facts to·constitute a cause of action. The first is sought to be upheld as one for a wrongful arrest, and nothing else. Its statement is clearly insufficient, for it alleges neither detention nor damage. Even if there were a cause of action known to the law as "wrongful arrest," which is separate and distinct from false imprisonment, and in which detention is immaterial, it would not lie unless accompanied by some damage, and none is pleaded. The damages pleaded in paragraph 4 of the second cause of action do not refer to the first cause of action.

The second cause of action presents a more serious question. It is for wrongfully and unlawfully causing the plaintiff to be imprisoned and detained for two days upon a false and unfounded charge of grand larceny, by reason of which she sustained damages, etc. The alleged cause of action cannot be upheld as one for malicious prosecution, because of the absence of well-known elements necessary in such a case. It therefore remains to be seen whether a cause of action for false imprisonment is sufficiently set forth. The gravamen of such an action is the act of trespass "committed by one man against the person of another by unlawfully arresting and detaining him without legal authority." Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899. If the arrest or imprisonment is caused or procured upon a charge made to some public authority, no action for false imprisonment will lie against the person who made the charge, upon the mere ground that the charge was false. This was fully discussed in Cousins v. Swords, 14 App. Div. 338, 43 N. Y. Supp. 907. In that case the complaint alleged arrest and imprisonment after malicious and false complaint made, charging a misdemeanor, and discharge by the magistrate after examination. In the course of the opinion it was said:

"It was not trespass on the part of the defendant to make a complaint against the plaintiff, nor was it any trespass against him to cause his arrest, unless that arrest was for some reason illegal. There was no allegation of this kind. All that was said on the subject in the complaint is that the plaintiff was arrested, and that the arrest was caused by the defendant, and that upon the trial there was no sufficient cause to believe him guilty, and he was discharged. But every word of this may be true, and yet it may be equally true that this arrest, brought about by the complaint of the defendant, was made upon a warrant which was duly issued. If it was so made, there was no false imprisonment, and there is no presumption that it was not so made. The plaintiff is bound to allege in his complaint the facts from which it will appear that his arrest was illegal. In this case not

only does he not allege those facts, but he does not even aver, as a proposition of law, that his arrest was not perfectly legal."

The foregoing quotation is, in the main, applicable to the case under review; the only distinction being that here it is averred that the defendant wrongfully and unlawfully caused the plaintiff to be imprisoned and detained. But this averment, taken in connection with the other allegations of the complaint, from which it appears that the arrest and imprisonment was not by the defendant, but by the public authorities after charge made, is an averment of a mere legal conclusion. The presumption in such a case is that the arrest and imprisonment were procured by lawful means, whether with or without a warrant; the allegation being that the crime charged was a felony. That being so, the complaint is fatally defective for not setting forth facts to show that the imprisonment and detention were caused by illegal means. In Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80, the alleged false imprisonment was charged to have been the personal act of the defendant; and yet it was held that the general averment in the complaint that the defendant wrongfully and willfully, and without jurisdiction, falsely imprisoned the plaintiff, did not entitle the plaintiff to judgment, under the rule that the demurrer admits the allegations in the pleading demurred to, because the complaint did not rest satisfied with that general allegation, but proceeded to set forth special circumstances under which the general allegation had to be treated as no broader or more effectual than the special circumstances, and because such special circumstances showed that, after all, the plaintiff had no cause of action.

Neither cause of action set forth in the complaint containing sufficient facts to constitute a cause of action, the judgment appealed from should be affirmed, with costs to the respondent, but with leave to the plaintiff to amend her complaint within six days upon payment of the costs of this appeal, the costs of the appeal to the general term, and of the demurrers. All concur.

Judgment affirmed, with costs to respondent, with leave to plaintiff to amend her complaint within six days upon payment of costs of this appeal, the costs of appeal to general term, and of demurrers.