(91 App. Div. 181.)

## ROCKEY v. HASLETT.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. PLEADING — COMPLAINT — CONSTRUCTION — CAUSES OF ACTION — SEPARATE STATEMENT OF—NUMBERING.

Plaintiff alleged that testator's widow, acting under a power in the will, in the presence of remaindermen, with their consent, leased the property in which she had a life estate to plaintiff for 10 years from May 1, 1900, and that the remaindermen derived benefits from and affirmed the lease. In another subdivision of the complaint, plaintiff alleged that, believing the widow was the owner in fee of the premises, he accepted the same from the widow, and took possession and occupied the premises until he was evicted before the termination of his term, after having performed all the conditions on his part; and in another subdivision, that the widow, acting for herself and the remaindermen, agreed with plaintiff that he should peaceably enjoy the premises for the term specified, and that the remaindermen were the owners under the will, and, as such,

entered and ousted plaintiff without his consent, and have unlawfully withheld possession, to plaintiff's damage in the sum of $40,000, and prayed for possession and $40,000 damages and costs. *Held*, that such complaint stated two causes of action—one for ejectment and damages for withholding possession, and the other for damages for breach of a covenant of quiet enjoyment and for eviction—which, under the express provisions of Code Civ. Proc. § 483, must be separately stated and numbered.

2. ACTION ON LEASE—COMPLAINT—DEFINITENESS.

In an action on a lease for 10 years, which would be void unless in writing, defendant was entitled to have the complaint, which did not allege whether it was in writing or not, made more definite in that regard.

3. SAME.

Where, in an action for breach of a lease, plaintiff alleged that testator's widow, acting under a power in the will, in the presence of the remaindermen, leased the property to plaintiff, as her own act and as the act of the defendant remaindermen, with the intention that it should be the act of both, and with the express consent of the remaindermen, defendants were entitled to have such allegation made more definite, and allege whether the lease was executed by the widow as executrix, or by virtue of the power, or individually, or as agent or attorney for the other defendants as well as individually, and whether the alleged consent, etc., of the other defendants was in writing or by parol.

Appeal from Special Term, New York County.

Action by Walter S. Rockey against Janet S. Haslett. From an order denying defendant's motion to have plaintiff's amended complaint made more definite and certain, and to have the causes of action separately stated and numbered, defendant appeals. Reversed.

The plaintiff alleges that one William H. Haslett died seised of premises described in the complaint, leaving a last will and testament, which was duly admitted to probate on the 16th day of November, 1887; that under the residuary clause thereof the premises in question were given to his widow, Esther Haslett, for life, for the use and benefit of herself and children, with the remainder over to the children; that he appointed his wife and daughters, Rebecca and Janet, executrices of his will; that his wife survived him, and died on the 15th day of May, 1903, and the other defendants are their children. In subdivision 4 of the complaint it is alleged that on the 20th day of April, 1900, testator's widow, "acting under the power given her in said will, and in the presence of her children, the above-named defendants, they being the beneficiaries and remaindermen under said will, as hereinbefore shown, executed an agreement in writing with the plaintiff, as her own act and as the act of said defendants, and with the intention that it should be both her and their act, and with the express consent, authorization, acquiescence, and participation of the defendants, whereby they leased to the plaintiff for a term of ten years from the 1st day of May, 1900," part of the premises so devised to them, which are also particularly described, for a specified annual rental; that "the defendants derived benefits from, accepted, ratified, and affirmed, said agreement or lease." In the fifth subdivision plaintiff alleges that he thereupon executed "said lease or agreement, being ignorant of the fact that said Esther Haslett was only a tenant for life and not the owner in fee of said premises, and, believing that the said lease, executed as in the preceding paragraph herein set forth, insured to him the quiet and peaceable enjoyment of said premises for the term aforesaid, took possession of and occupied the same, for the purpose of conducting a drug store, from about the 1st day of May, 1900, to the date of his eviction hereinafter mentioned, performed all the conditions therein on his part, and for three years paid the stipulated rent as aforesaid to said Esther Haslett and the defendants." In the eighth subdivision it is alleged that the widow, "acting for

¶ 2. See Frauds, Statute of, vol. 23, Cent. Dig. § 353.

herself and for the defendants herein, in said lease agreed with the plaintiff that he should peaceably and quietly occupy and enjoy the said described premises for the said term ten years"; and in the ninth subdivision it is alleged that on or about the 31st day of July, 1903, "the defendants, the owners under said will, and as such owners, entered upon the same, and ousted the plaintiff therefrom," and still own and are in possession of the premises without plaintiff's consent, and have unlawfully withheld possession from him, to his damage in the sum of $40,000. The prayer for relief is for the possession of the premises for $40,000 damages, and for costs.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Arthur Knox, for appellant.

Frederick H. Kellogg, for respondent.

LAUGHLIN, J. It is evident that the plaintiff has alleged two causes of action—one for ejectment and for damages for withholding possession, and the other for damages for the breach of covenant of quiet enjoyment contained in the lease and for the eviction. The appellant was therefore entitled to have these causes of action separately stated and numbered. Code Civ. Proc. § 483.

The complaint should also be made more definite and certain. This was a lease for 10 years, which would be void if not in writing. The allegations of subdivision 4 of the complaint are indefinite, in that they do not definitely show whether the lease was executed by the widow as executrix, or by virtue of a power granted by the will, or individually, or in form as the agent or attorney in fact for the other defendants as well as individually, or whether the alleged consent, authorization, and acquiescence on the part of the other defendants was in writing or parol. These are facts which the appellant is entitled to have specifically stated in the complaint. A bill of particulars concerning them might not suffice. They are facts which the appellant is entitled to have alleged, that she may avail herself of the remedy by demurrer or answer, and thus raise any question that may arise thereon. These observations are equally applicable to subdivision 8 of the complaint, and the allegations thereof should also be amended so as to show whether the widow, in form, made the covenant individually, or as agent or attorney in fact for the other defendants, and whether her authority to act in that regard for the other defendants was in writing.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted for the relief as indicated in this opinion, with $10 costs. All concur.