(45 Misc. Rep. 493.)

### RING v. MITCHELL.*

(Supreme Court, Special Term, New York County. December, 1904.)

1. PLEADING—JOINDER OF CAUSES—SINGLE COUNT.

Though, under Code Civ. Proc. § 484, a cause of action for malicious prosecution and one for false imprisonment may be united in one complaint, they cannot be contained in a single count.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, §§ 420, 491; vol. 39, Cent. Dig. Pleading, § 113.]

2. FALSE IMPRISONMENT—COMPLAINT.

A complaint alleging that plaintiff was "duly" arrested states no cause of action for false imprisonment, though the complaint alleges malice in prosecuting the arrest.

3. SAME.

In an action for false imprisonment, facts tending to show malice should not be pleaded unless they are ground for special damage.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. False Imprisonment, §§ 86, 87.]

Action by Charles E. Ring against Charles F. Mitchell. Motion to strike out paragraphs of complaint. Granted in part.

Holmes Jones, for plaintiff.
William A. Walling, for defendant.

CLARKE, J. Defendant prays for an order directing plaintiff to separately state and number causes of action alleged to be stated in the complaint, and to strike out certain paragraphs thereof. Plaintiff contends that, if the complaint states more than one cause of action, they are for false imprisonment and malicious prosecution, which are properly united in the same complaint. Thorp v. Carvalho, 14 Misc. Rep. 554, 36 N. Y. Supp. 1, is cited in support of this contention.

*Affirmed in 91 N. Y. Supp. 1110.

That case and the cases there cited hold that under the provisions of the Code of Civil Procedure (section 484) a complaint may contain both causes of action. They may be united. But a cause of action for false imprisonment and a cause of action for malicious prosecution may not be combined in a single count. Tyson v. Bauland Co., 68 App. Div. 310, 313, 74 N. Y. Supp. 59. It has been held that, before testing a complaint by demurrer, the plaintiff should, by motion, be required to state the causes of action for malicious prosecution. and false imprisonment separately, and number them. Henderson v. Jackson, 9 Abb. Prac. (N. S.) 293, 40 How. Prac. 168. But an order will not be made requiring plaintiff to separately state and number causes of action unless the complaint appears to state more than one good cause of action. The law is now settled that an action for false imprisonment will not lie where the arrest has been made pursuant to an order granted by an officer having jurisdiction, even where the order has been subsequently vacated. Marks v. Townsend, 97 N. Y. 590; Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; Krause v. Rutherford, 45 App. Div. 132, 60 N. Y. Supp. 1047. A complaint does not state facts sufficient to constitute a cause of action for false imprisonment which does not show that the process under which the plaintiff was arrested was void or irregular and unlawful, even though malice in procuring the arrest is averred. Cunningham v. East River El. L. Co., 60 N. Y. Super. Ct. 282, 17 N. Y. Supp. 372; Marks v. Townsend, 97 N. Y. 590. In this complaint plaintiff alleges that defendant maliciously, and without reasonable or probable cause therefor, made a complaint for grand larceny against plaintiff, secured a summons from a magistrate, appeared before him, and procured the magistrate to grant a warrant for plaintiff's arrest; that the magistrate issued the warrant, and "plaintiff was duly arrested and imprisoned under the said warrant," and "was duly arraigned," and was held; that subsequently the magistrate heard the evidence, and discharged plaintiff from custody. The defendant is alleged to have acted throughout maliciously and without probable cause, but there is no allegation that the process was void or irregular, or that the arrest was unlawful. On the contrary, it is alleged to have been duly made. The narration of the events alleged concludes "that this plaintiff was held and deprived of his liberty * * * without reasonable cause, and without any right or authority so to do, and against the will of the said plaintiff." In view of the previous allegations of the complaint, it does not appear that plaintiff intends to allege that the process was without any right. or authority, but rather that defendant's conduct was unwarranted. Moreover, plaintiff states in his brief: "The action is for malicious prosecution, and the allegations of the arrest, the allegations of the imprisonment, are merely incidental to and part of the series of malicious acts committed by the defendant." As the complaint discloses the theory of the action, namely, malicious prosecution, and plaintiff concedes that he relies upon but one cause of action, the motion to separately state and number will be denied. Daly v. Wolaneck, 29 Misc. Rep. 162, 60 N. Y. Supp. 162.

Defendant moves to strike out the first, second, and fifth paragraphs

of the complaint. The first paragraph states plaintiff's residence and business. Although this paragraph may not be relevant, defendant cannot be aggrieved by it, and the motion is therefore denied. The second paragraph states that defendant and another were in partnership; that said firm entered into contracts with plaintiff, appointing plaintiff as its agent; that subsequently the firm was dissolved, and that actions for accounting were pending between plaintiff and defendant as successor of said firm at the time of the arrest, and that in said actions a complete determination of all issues between plaintiff and defendant could be had. These allegations are merely a narration of the evidence by which plaintiff expects to prove the fact of malice. In Solis v. Manning, 37 How. Prac. 13, Mr. Justice Barrett says: "The cases of Eddy v. Beach, 7 Abb. Prac. 19, and Shaw v. Jayne, 4 How. Prac. 119, are decisive of the * * * motion. They clearly hold that the evidence upon which a charge of malice in procuring an arrest is based cannot be pleaded. Malice is a fact, and should be pleaded as such." The defendant should not be required to plead to the evidence of malice herein set forth in the lengthy statement of somewhat involved business relations culminating in other actions. The fifth paragraph, which defendant moves to strike out, alleges that the charge and the arrest were extensively published in certain newspapers named, "all through the procurement of the defendant, and because of said defendant's said false and malicious charge aforesaid." The rulings as to whether such allegations should be struck out are conflicting. In Haughie v. New York & N. J. Tel. Co., 34 Misc. Rep. 634, 70 N. Y. Supp. 584, the motion was granted. Mr. Justice Gaynor says: "If the fact of publication be competent as evidence to show the extent of the publicity, and hence of the plaintiff's damage (about which I say nothing), that is no reason for pleading it. Evidence should never be pleaded." In Brockleman v. Brandt, 10 Abb. Prac. 141, the motion was denied. Mr. Justice Hilton says: "It may also be regarded as an averment of special injury, and as such may be necessary to enable plaintiff to give proof in respect to it." This case is cited with approval by Mr. Justice Barrett in Solis v. Manning, supra. He says: "The matter there sought to be stricken out, and which was regarded as an averment of special injury, consisted of a statement that the defendant had maliciously procured a publication concerning the arrest which was libelous. The damages resulting from such a publication, although springing from the arrest, are not its legitimate consequences. They flow from an independent act, distinct from the arrest itself, although based thereon, and involving consequences of a more extended character than such as naturally result therefrom. It is eminently proper that such damages should be specially pleaded." In my opinion, the allegations should be permitted to stand as an averment of special damages. The motions to separately state and number and to strike out paragraphs 1 and 5 are denied. The motion to strike out the second paragraph is granted. Settle order on notice. No costs.

Ordered accordingly.