## VULCANITE PORTLAND CEMENT CO. v. WILLIAMS.

(City Court of New York, Special Term. February, 1905.)

REPLEVIN—FOREIGN CORPORATIONS—FORTHCOMING BOND—BOND FOR COSTS.
Code Civ. Proc. § 1699, provides that the undertaking to be delivered to the sheriff with the requisition to replevy a chattel must be to the effect that the sureties are bound in a sum not less than twice the value of the chattel for the return thereof to defendant if possession is adjudged to him, or if the action abates or is discontinued before the chattel is returned to defendant, and for payment to defendant of any sum which the judgment awards to him against plaintiff; and section 3268, subd. 2, authorizes the defendant in an action by a foreign corporation in a court of record to require security for costs. *Held* that, where a foreign corporation brought replevin and filed the bond required by section 1699, such bond secured the costs so that plaintiff was not required to execute another bond for costs under section 3268, subd. 2.

Action by the Vulcanite Portland Cement Company against Edgar J. Williams. On motion by defendant to compel plaintiff to give security for costs. Denied.

Thompson & Fuller, for the motion.
Scott & Upson, opposed.

SEABURY, J. This is a motion to compel the plaintiff, a foreign corporation, to give security for costs under subdivision 2 of section 3268 of the Code of Civil Procedure. The action is in replevin, and the plaintiff opposes this motion upon the ground that it has already given security for costs by giving an undertaking in replevin under section 1699 of the Code of Civil Procedure. The question presented for determination, therefore, is whether in an action of replevin a plaintiff, being a foreign corporation, which has given an undertaking under section 1699, can be compelled to give a further undertaking under section 3268. No case under the present Code, deciding this precise question, has been called to my attention. Under the provisions of the old Code of Procedure the question was the subject of conflicting decisions. Gelch v. Barnaby, 7 Abb. Prac. 19; Boucher v. Pia, 14 Abb. Prac. 1; Hodges v. Porter, 10 Hun, 244; Wisc. Marine & Fire Ins. Co. Bank v. Hobbs, 22 How. Prac. 494. An undertaking given under section 1699 of the Code accords to the defendant the same rights and the same measure of protection that is secured under an undertaking given under section 3268. The bond in an action of replevin under section 1699 is broader in its provisions than a bond given under section 3268, and includes security for the costs of the action. John Church Co. v. Dorsey, 38 Misc. Rep. 542, 77 N. Y. Supp. 1065. Such a bond also covers the costs of an appeal. Tibbles v. O'Connor, 28 Barb. 538. The undertaking which the plaintiff has already given under section 1699 serves all the purposes which would be secured by a bond given under section 3268, and no good reason exists for requiring additional security. The fact that under section 1703 of the Code of Civil Procedure a defendant is allowed three days within which to except to the sureties on the

undertaking in replevin given under section 1699, whereas under section 3274 of the Code of Civil Procedure ten days is allowed within which to except to the sureties on an undertaking given as security for costs under section 3268, does not alter the character of the undertaking. The scope of the undertaking in replevin under section 1699 is more comprehensive than an undertaking given for security for costs under section 3268, and the former includes all the objects covered by the latter. An undertaking under section 1699 is a substantial compliance with the provisions of section 3268, and where a plaintiff has already given a bond in replevin under section 1699 he cannot be compelled to give an additional undertaking under section 3268.

The motion is denied.