(117 App. Div. 810)

CHRISTENSON v. PINCUS.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

PLEADING—COMPLAINT—JOINDER OF CAUSES OF ACTION—SEPARATION—ELECTION OF CAUSES.

Where a complaint alleges two causes of action—one for conversion, and one on contract for goods sold and delivered—defendant is entitled, at his option, before answering, to move to have the causes of action separated and numbered, at which time plaintiff may waive the tort, and proceed upon the one cause of action and on failure to avail himself of such opportunity defendant's motion should be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1194–1198.]

Appeal from Special Term.

Action by Christian Christenson against Louis Pincus. From an order denying defendant's motion to compel plaintiff to separately state causes of action set forth in the complaint, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

J. Charles Weschler (Sol. Rothschild, on the brief), for appellant.
Ferdinand E. M. Bullowa, for respondent.

RICH, J. The complaint alleges two causes of action—one for conversion, and one on contract for goods sold and delivered. The plaintiff might have waived the tort in his pleading, and then the action would have proceeded as one on contract. This he has not seen fit to do, and defendant was entitled to have the causes of action separated and numbered. Code Civ. Proc. § 483. It has become the settled practice that a plaintiff will be required to elect at the trial as to which of two causes of action he will try, and that would have been quite proper in this case; but defendant had the right, at his option, before answering, to move to have the causes of action separated and numbered, and plaintiff would have been in time, even upon the motion to elect, to waive the tort and proceed upon the one cause of action. He failed to avail himself of the opportunity given him by the learned justice at Special Term to do this, and the order must be reversed, with $10 costs and disbursements; and the motion granted, with $10 costs. All concur.