AGETT v. FEDERAL TELEPHONE & TELEGRAPH CO.

(Supreme Court, Special Term, Steuben County.  September 16, 1916.)

1. ACTION ☞38(1)—JOINDER—SINGLE OR SEPARATE CAUSES OF ACTION.
   The complaint for false representations in making a contract and for breach of it contains two causes of action, as judgment in an action for the breach would not bar an action for the false representations.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. ☞38(1).]

2. PLEADING ☞369(1)—JOINDER OF CAUSES—ELECTION.
   As a cause of action in tort may not be united in the same complaint with one on contract, plaintiff, having in his complaint commingled the two causes, will be required to elect between them, and amend accordingly, and not to separately state and number them.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199, 1200; Dec. Dig. ☞369(1).]

Action by Albert H. Agett against the Federal Telephone & Telegraph Company.  On motion to require plaintiff to separately state and number causes of action.  Election between causes of action ordered.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, for the motion.
M. H. Cahill, of Corning, opposed.

RODENBECK, J.   [1] The complaint sets forth two causes of action, without separately stating and numbering them; one for false

representations in making the contract referred to in the complaint, and the other for a breach of the contract. The test is whether or not a recovery on one cause of action would bar a recovery on the other (Carlson v. Albert, 117 App. Div. 836, 102 N. Y. Supp. 944; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663); that is, whether or not the plaintiff might demand separate judgments for different sums of money or different forms of relief in different actions (Richards v. Kinsley, 14 N. Y. St. Rep. 701; Robinson v. Brown, 166 N. Y. 159, 59 N. E. 775; Gilbert v. Pritchard, 41 Hun, 46; Welch v. Platt, 32 Hun, 194). In this case an action for damages for a breach of the contract would not bar a recovery for damages for false representations in the making of the contract, and there are therefore two causes of action set out in the complaint.

[2] Where two causes of action are properly stated in the complaint, but are not separately numbered, the court will require the complainant to so state and number the causes on motion (Christenson v. Pincus, 117 App. Div. 810, 102 N. Y. Supp. 1041; Carlson v. Albert, 117 App. Div. 836, 102 N. Y. Supp. 944; Rockey v. Haslett, 91 App. Div. 181, 86 N. Y. Supp. 320; Blake v. Barnes, 56 Hun, 640, 9 N. Y. Supp. 933; Trenndlich v. Hall, 7 N. Y. Civ. Proc. R. 62); but in this case the two causes of action cannot be united in the same complaint, one being in tort and the other on contract, and the plaintiff should therefore be required to elect between his cause of action, and amend his complaint accordingly.