LOUIS K. LIGGETT COMPANY, Appellant, *v.* BROADWAY-JOHN STREET CORPORATION and Another, Respondents.

First Department, April 8, 1927.

**Pleadings — complaint — action for rent — clerical mistake in describing property covered by lease — mistake may be disregarded under Civil Practice Act, § 105, and is not bar to motion by plaintiff for summary judgment under Rules of Civil Practice, rule 113.**

In an action for rent a clerical error in a complaint as to the premises covered by the lease may be disregarded, under section 105 of the Civil Practice Act, and is not a bar to a motion by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice. The defendant may not delay the plaintiff's motion until the trivial error is corrected by a new complaint.

APPEAL by the plaintiff, Louis K. Liggett Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of October, 1926, denying plaintiff's motion for summary judgment.

*Isidor Bregoff* of counsel [*O'Brien, Boardman, Parker & Fox*], for the appellant.

*Joseph Fischer* of counsel [*Herman Joseph* with him on the brief; *Alfred J. Wolff*, attorney], for the respondents.

Proskauer, J. This action is for accrued rent under a lease covering all of a building known as 200 Broadway, in the city of New York, excepting the store. The defendant denied the allegations of the complaint that a lease was made of " a commercial building known as Number 200 Broadway." Plaintiff moved unsuccessfully for judgment under rule 113 of the Rules of Civil Practice. Its affidavits show the making of the lease of the building, except the store, and the failure to pay the accrued rent therein stipulated. The defendant seeks to justify its denial and its complete failure to show any vestige of a triable issue by the bald statement that because of the clerical mistake of the pleader in describing the lease as covering the entire building, when in fact it excluded the stores, it may delay the plaintiff until it corrects this trivial error by a new complaint.

Section 105 of the Civil Practice Act provides that where a substantial right of any party shall not thereby be prejudiced, a mistake, omission, irregularity or defect must be disregarded. That rule should receive a liberal and common sense interpretation. In the exercise of the power thus conferred upon it, the court should give no countenance to such dilatory methods as have been attempted here by the defendant. We are justified in believing, from defendant's failure so to assert a defense, that none exists.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment should be granted, with ten dollars costs.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.