CHARLES DEVINE, Appellant, v. HUGO HAMMER, Respondent.

First Department, June 3, 1927.

**Arrest — action for false arrest — complaint must allege that arrest was illegal or made without warrant.**

A complaint, in an action for false arrest, must allege that the arrest was illegal or made without a warrant, and it is insufficient where it alleges merely that the defendant arrested the plaintiff without reasonable or probable cause, or without any right of the defendant to do so, and against the will of the plaintiff and in violation of plaintiff's right to liberty and freedom.

PROSKAUER and O'MALLEY, JJ., dissent, with memorandum.

APPEAL by the plaintiff, Charles Devine, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 15th day of April, 1926, upon the dismissal of the complaint on the opening of plaintiff's counsel.

*Sidney S. Levine* of counsel [*Arnstein & Levine*, attorneys], for the appellant.

*Otto A. Samuels*, for the respondent.

PER CURIAM. A complaint in an action for false arrest must allege that the arrest was illegal or made without a warrant. The plaintiff having failed to allege such facts, the complaint was properly dismissed.

The judgment should, therefore, be affirmed, with costs.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.; O'MALLEY and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). The summary dismissal of this complaint upon a technicality, apparently because of the Statute of Limitations, destroys plaintiff's right to sue. In the complaint it is alleged that the defendant arrested the plaintiff without reasonable or probable cause or without any right of the defendant to do so and against the will of the plaintiff and in violation of plaintiff's rights to liberty and freedom. This complaint is based exactly on form 813 in 3 Bradbury's Forms of Pleading (2d ed.) and Fiero on Torts (p. 626). These, in turn, are substantially identical with the complaint in *Snead* v. *Bonnoil* (166 N. Y. 325), where, though the question of pleading was not discussed, a recovery for the plaintiff was affirmed. (See, also, 1 Abb. Forms Pl. [2d ed.] forms 1219, 1220.) The respondent contends that the complaint must contain the words " illegal or procured without a warrant " and that no other form of words can save it. I see no magic in this formula

of legal conclusion. Its substance is clearly inferable from the allegations of this complaint. The common-law form of pleading in an action for false arrest (2 Chitty Pleading [16th Am. ed.], 614; Andrews Stephen's Pleading [2d ed.], 172) was even more inartificial; none of these purely technical allegations were there required. As stated by Judge POUND in *California Packing Corp.* v. *Kelly S. & D. Co.* (228 N. Y. 49, 53): " The pleader may depend more safely upon a form stabilized by authority than upon his own ingenuity in stating the particular facts in such case."

But whatever may be the rule if the complaint had been attacked on motion prior to trial (*Cousins* v. *Swords*, 14 App. Div. 338; affd., 162 N. Y. 625), at most the variance of this complaint from the conventional form was so slight that it should have been ignored upon the trial and should be ignored here. (Civ. Prac. Act, § 105; *Liggett Co.* v. *Broadway-John St. Corp.*, 220 App. Div. 195.)

To render substantial justice, I think this judgment should be reversed, with costs, and a new trial ordered.

O'MALLEY, J., concurs.

Judgment affirmed, with costs.