## CRAMER v. AIKEN.

### No. 5932.

Court of Appeals of the District of Columbia.

Argued Dec. 8, 1933.

Decided Jan. 2, 1934.

John H. Burnett, of Washington, D. C., for appellant.

Frank T. Fuller, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal raises a question of pleading, particularly with reference to the allegations of a plea alleged to be in violation of the rule against the use of negatives pregnant in pleadings.

The action was brought to recover damages because of alleged malicious prosecution and false arrest. The first count of the declaration is sufficiently illustrative of the present issue. It reads as follows:

"First Count: The plaintiff, James Cramer, sues the defendant, Ernest Aiken, for that on, to wit, February 3rd, 1931, the said defendant in the city of Washington, District of Columbia, unlawfully and forcibly restrained the plaintiff of his liberty, and did unlawfully and falsely imprison him for a long space of time, to wit, for the space of ten hours, whereby plaintiff was greatly injured against his will. By reason whereof, plaintiff was injured in his reputation and suffered anxiety and pain of body and mind.

"Wherefore, plaintiff claims of defendant the sum of $10,000 damages, besides costs of this action."

The defendant filed the following amended plea to the foregoing count: "1. As a plea to the first count, the defendant, Ernest Aiken, denies that he unlawfully and/or forcibly restrained the plaintiff of his liberty on to wit February 3, 1931, or at any other time, and denies that he did unlawfully and/or forcibly imprison plaintiff for any time, and defendant further denies that plaintiff was injured in his reputation, body, or mind by any act or acts of this defendant."

The record is brief. It contains copies of the declaration and the amended plea, and states that on a day named a jury was duly sworn and testimony was submitted by the plaintiff tending to show that he was locked up for twelve hours at the police station on February 3, 1931, upon an information charging him with larceny; that he had to pay $25 as premium on a recognizance for his release and $125 attorney's fees for his defense on the larceny charge; that the charge of larceny was tried before a jury and he was acquitted.

Thereupon plaintiff rested his case and defendant moved for a directed verdict, which motion was granted over the exception of plaintiff. The plaintiff as ground for his exception alleged that the several counts in the pleas were not denials of the allegations contained in plaintiff's declaration; that being in the very words of the declaration they constituted a negative pregnant, and constituted an admission of the allegations contained in the declaration, and that all that plaintiff was required to do under the pleadings was to prove his damages. The plaintiff thereupon appealed to this court.

We do not agree with the appellant's contention. A negative pregnant has been defined as that form of a denial which implies an affirmative, or as a denial in such form as to imply or express an admission of the substantial fact which apparently is controverted, or a denial which, although in the form of a traverse, really admits the important facts contained in the allegations to which it relates. This is considered as a fault in pleading for the reason that it is ambiguous and evasive. The rule against a negative pregnant, however, appears in modern times, at least, to have received no very strict construction. For many cases have occurred in which on various grounds of distinction from the general rule such a form of expression has been held to be free of objection. Shipman on Common Law Pleading (Hornbook Series), pp. 442, 443. Moreover, an objection to a negative pregnant is not regarded favorably by courts where it is not made before trial, as is the case here. Hershey v. O'Neill (C. C.)

36 F. 168. And where a denial is contained in the plea of a material part of the averment in the declaration, a literal denial is not regarded as a negative pregnant. Kellogg v. Freeland (Sup.) 195 N. Y. S. 912; Donovan v. Main, 74 App. Div. 44, 77 N. Y. S. 229. A reasonable interpretation of the denials contained in the amended plea is that the defendant did not deny the allegation in the declaration that he had caused the imprisonment of the plaintiff, but that he denied that it was done unlawfully. This constituted a traverse of the averment in the declaration charging the unlawfulness of the detention. The allegation of unlawfulness is a material part of plaintiff's case. Cousins v. Swords, 14 App. Div. 338, 43 N. Y. S. 907; 25 C. J. 532. And, inasmuch as the plaintiff was obliged to plead the fact of unlawfulness, it follows that the burden was upon him to prove that allegation at the trial. In Thaule v. Krekeler, 81 N. Y. 428, it is held that: "In an action for malicious prosecution it is for the plaintiff to establish affirmatively the want of a reasonable and probable cause for the prosecution, and that it was instituted for malice. Upon the trial of such an action it is for the court to determine, as a matter of law, assuming plaintiff's evidence to be true, whether plaintiff has established these propositions." The same rule obtains in a case charging false imprisonment. Cousins v. Swords, supra.

Inasmuch, therefore, as the plaintiff produced no proof at the trial except such as showed his imprisonment upon a warrant for larceny, he failed to make out a case entitling him to a recovery, and the lower court was right in directing a verdict for the defendant.

The judgment of the lower court is affirmed.