MYRON BIENENFELD, Plaintiff, *v.* MORTGAGE COMMISSION OF THE STATE OF NEW YORK and FRED EICHER, Defendants.

City Court of New York, Bronx County, November 23, 1936.

*Joseph Blumberg*, for the plaintiff.

*Benjamin J. Rabin* [*Raymond A. Tierney* and *Rubin Mazel* of counsel], for the defendants.

SCHACKNO, J. Plaintiff seeks to examine defendants before trial The action is one to recover damages for false imprisonment. It is not denied that the defendant Fred Eicher has not been in the employ of his codefendant, the Mortgage Commission of the State of New York, since May 14, 1936. The motion as to this last named defendant must be denied. (*McGowan* v. *Eastman*, 271 N. Y. 195; *Western Elevating Assn., Inc.*, v. *Chapman*, 238 App. Div. 14; *Cocolicchio* v. *Emigrant Industrial Savings Bank*, 248 id. 196.)

The defendant Fred Eicher challenges the sufficiency of the complaint. Paragraphs numbered fourth and fifth thereof read as follows:

" *Fourth.* That on the evening of December 17th, 1935 the plaintiff was lawfully in the said Hotel Lismore, and while in said hotel he was by force and arms violently and maliciously seized by the defendant, Fred Eicher, and other agents, servants or employees

of the defendant, Mortgage Commission of the State of New York, all of whom were acting in the course of their employment and within the scope of their authority and in the interest of the defendant, Mortgage Commission of the State of New York, at the said time.

"*Fifth.* That the said defendant, Fred Eicher, and all of the other aforesaid agents, servants or employees of the defendant, Mortgage Commission of the State of New York, so continuing to act for the defendant, Mortgage Commission of the State of New York, in the performance of their duties and within the scope of their employment and in the interest of the defendant, Mortgage Commission of the State of New York, arrested the plaintiff and maliciously detained and imprisoned the plaintiff and refused to release him and subjected the plaintiff to threats and assaults."

It will be noted that there is no allegation therein that the imprisonment was illegal. For aught that appears therefrom the imprisonment of the plaintiff was justified in law. In *Cousins* v. *Swords* (14 App. Div. 338, 340, 341; affd., 162 N. Y. 625) the court said: "If it was intended to sue for false imprisonment the complaint is manifestly defective, because there is no allegation in it that the imprisonment of the plaintiff, which it is said was procured by the defendant, was illegal, or was procured without a warrant. One of these things it is necessary to allege. (Addison on Torts [Wood's ed.] *147.) * * * The plaintiff is bound to allege in his complaint the facts from which it will appear that his arrest was illegal." To the same effect see *Devine* v. *Hammer* (221 App. Div. 50); *Cramer* v. *Aiken* (68 F. [2d] 761).

The allegations in the complaint that the plaintiff was lawfully in said premises and that he was maliciously detained and imprisoned and subjected to threats and assaults do not help plaintiff. They add nothing to the complaint. (*Barker* v. *Gibralter Credit Corp.,* 234 App. Div. 773; *Hendrix* v. *Manhattan Beach Development Co.,* 181 id. 111; *Ring* v. *Mitchell,* 45 Misc. 493; *Pease* v. *Freiwald,* 39 id. 549; *Cunningham* v. *East River Electric Light Co.,* 17 N. Y. Supp. 372.)

Before an examination will be ordered the complaint must allege a cause of action. (*Goldstein* v. *Valentine,* 246 App. Div. 610.) As the complaint fails to set forth the essential facts necessary to constitute a cause of action, an examination before trial will not be permitted. The conclusion reached makes it unnecessary to pass upon the other objections urged by the defendants in opposition to the granting of this motion.

Motion denied. Order filed.